Pal Lengyel-Leahu  CA SBN147153
360 East 1st Street #609
Tustin, CA  92780
Attorney for Defendant
Nader Salem Elhuzayel
714-497-6813
plitigate@aol.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 8:15-cr-00060-DOC |
| Plaintiff, | DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT |
| vs. | |
| NADER SALEM ELHUZAYEL and MUHANAD ELFATIH M. A. BADAWI, Defendants. | |

Comes now Defendant, NADER SALEM ELHUZAYEL, by and through counsel, and for his Objections to the Presentence Investigation Report states:

Probation Officers Michelle Carey and Gregory Vidana are to be commended for the thoroughness of the Presentence Investigation Report.

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The undersigned received the Presentence Investigation Report on August 22, 2016 and it was given to Mr. Elhuzayel that week for review. The undersigned met with Mr. Elhuzayel at the Santa Ana Jail in Santa Ana, CA and went through the Presentence Investigation Report paragraph by paragraph with Mr. Elhuzayel. He advised the undersigned which objections he desired to make to the report. The following objections are made with Defendant Elhuzayel's knowledge and at his behest.

**OBJECTIONS**

1. Defendant objects to the date of "Islamic State" was designated on May 15, 2014 on page 5 paragraph 1. The Islamic State was designated on September 29, 2016. See exhibit 1008, The federal register.

2. Defendant objects to the date of "Islamic State" was designated on May 15, 2014 on page 5 paragraph 2. The Islamic State was designated on September 29, 2016. See exhibit 1008, The federal register.

3. Defendant objects to the date of "Islamic State" was designated on May 15, 2014 on page 5 paragraph 3. The Islamic State was designated on September 29, 2016. See exhibit 1008, The federal register.

4. Defendant objects to the date of "Islamic State" was designated on May 15, 2014 on page 6 paragraph 18. The Islamic State was designated on September 29, 2016. See exhibit 1008, The federal register.

5. Defendant objections to the date which Abu Bakr al-Baghdadi declared that ISIS is now the official Islamic State on page 6 paragraph 9. Al-Baghdadi's speech was on June 1,

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

2014. This also calls into speculation about al-Baghdadi's intent, of which the government offered no evidence.

6. Defendant objects to page 6 paragraph 12, which states that he posted a profile picture of the ISIS flag on his facebook account on October 13, 2014. That flag is the flag of the Islamic State and that is protected free speech under the First Amendment.

7. Defendant objects to page 6 paragraph 13 stating that the Defendant desires martyrdom and asked Allah for victory for the Islamic State. That is protected speech under the First Amendment and is a prayer, not an outreach for others to join the Islamic State.

8. Defendant objects to page 7 paragraph 14, which states that Defendant made a pledge to join the Islamic State. This video made on October 21, 2014 on Badawi's iphone, was deleted soon after. This video was not disseminated to any members of the Islamic State nor posted on any social media outlet. Lastly, under *Holder,* a defendant can join a foreign terrorist organization, so long as he is not under their direct control. See *Holder v. Humanitarian Law Project,* 561 U.S. 1, 39 (2010) ("The statute does not prohibit being a member of one of the designated groups or vigorously promoting and supporting the political goals of the group.... What [§ 2339B] prohibits is the act of giving material support....") This is the right to freedom of association, which is protected under the First Amendment. Lastly, the probation officer disingenuously misstates the definition of "ameen." It does not mean commitment, but merely "let it be."

9. Defendant objects to page 7 paragraph 15, which states that Mr. Elhuzayel and Mr. Badawi exchanged text messages about fighting for the Islamic State. Their belief in dying on the front lines and receiving 72 virgins is consistent with mainstream Islamic belief about martyrdom. Furthermore, both men are not under the direct control of the

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Islamic State and under *Holder* they are able to join as long as they are not under direct control of the State. See *Holder v. Humanitarian Law Project,* 561 U.S. 1, 39 (2010) ("The statute does not prohibit being a member of one of the designated groups or vigorously promoting and supporting the political goals of the group.... What [§ 2339B] prohibits is the act of giving material support....")

10. Defendant objects to page 7 paragraph 16, which states Mr. Elhuzayel desired to make hijira. Hirija, meaning migration from the non-Islamic lands to the Islamic lands (House of Islam) is an historical belief within Islam and is present in mainstream Islam and thereby protected as an exercise of someone's religion.

11. Defendant objects to page 7 paragraph 17, which states Mr. Elhuzayel's desire for martyrdom and victory for the Islamic State. Martyrdom on the battlefield is a historical belief in Islam and is widely accepted in mainstream Islam. Secondly, Mr. Elhuzayel is allowed to have beliefs in the Islamic State and even advocate for their agenda under *Holder.* See *Holder v. Humanitarian Law Project,* 561 U.S. 1, 39 (2010) ("In particular, we in no way suggest that a regulation of independent speech would pass constitutional muster, even if the Government were to show that such speech benefits foreign terrorist organizations. We also do not suggest that Congress could extend the same prohibition on material support at issue here to domestic organizations. We simply hold that, in prohibiting the particular forms of support that plaintiffs seek to provide to foreign terrorist groups, *§ 2339B* does not violate the freedom of speech.")

12. Defendant objects to page 7 paragraph 18, which states that Mr. Elhuzayel celebrated the Garland shootings and had communication with Elton Simpson and had tweets from Abu Hussain al-Britani. First, Mr. Elhuzayel is allowed to celebrate the Garland shootings

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

under the First Amendment. See *Holder v. Humanitarian Law Project*, 561 U.S. 1, 39 (2010) ("In particular, we in no way suggest that a regulation of independent speech would pass constitutional muster, even if the Government were to show that such speech benefits foreign terrorist organizations. We also do not suggest that Congress could extend the same prohibition on material support at issue here to domestic organizations. We simply hold that, in prohibiting the particular forms of support that plaintiffs seek to provide to foreign terrorist groups, *§ 2339B* does not violate the freedom of speech.") Secondly, there was no evidence admitted by the government to prove that the twitter account of Elton Simpson was really he. There was also no response to Mr. Elhuzayel's post. See Exhibit 204. Therefore, it is impossible to claim that Mr. Elhuzayel contacted the gunman. Thirdly, the tweets on Mr. Elhuzayel accounts were public tweets made from the account ascribed to Abu Hussain al-Britani. See Exhibits 15-19A.

13. Defendant objects to page 7 paragraph 19, which states a quote from Anwar al-Awlaki. This is protected speech under the First Amendment and *Holder*.

14. Defendant objects to page 8 paragraph 23, which states a conversation between Mr. Elhuzayel and Mr. Badawi. No where in the conversation does Mr. Elhuzayel state that he is going to fight for the Islamic State, but merely meet up with Mr. Badawi in the Islamic State.

15. Defendant objects to page 8 paragraph 25, which states that Mr. Badawi referred Mr. Elhzuayel to a conversation on the internet with a person who advised him how to go to the Islamic State. Exhibit 68A is very clear that Mr. Badawi had no one to vouch for him to the person whom he was communicating with. Furthermore, the government did not provide any evidence that the person whom Mr. Badawi was talking to had any links or

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

was a member of the Islamic State. Secondly, there is no evidence to prove that Mr. Badawi ever actually communicated with Abu Hussain al-Britani himself. The government did not provide any evidence that email address abuhussain2_c3p@talk.kik.com was actually al-Britani's. See Exhibit 65.

16. Defendant objects to page 9 paragraph 28, which states that Mr. Elhuzayel was going to Turkey. The probation officer disingenuously stated that Mr. Elhuzayel was going to Turkey when the evidence is very clear his boarding pass was to Tel Aviv, Israel. See Exhibit 604.

17. Defendant objects to page 10 paragraph 33, which states that Mr. Elhuzayel had government-sensitive information on his USB-drive. See Exhibit 123-130.

18. Defendant objects to page 11 paragraph 35, which Mr. Elhuzayel stated that he was going to join the Islamic state from Turkey and was using the flight to Tel Aviv, Israel as a cover. However, Mr. Elhuzayel admitted this after he was threatened by the FBI, who told him that they will have to arrest his family and his finance Ennis. (interview with FBI at LAX with Agent Ghetian)

19. Defendant objects to page 11 paragraph 36, which states that Mr. Elhuzayel had one contact in the Islamic State, Abu Hussain al-Britani. There is no evidence admitted by the government to confirm that Mr. Elhuzayel indeed was in communication with al-Britani.

20. Defendant objects to page 13 paragraph 58, which recommends a two point increase because Mr. Elhuzayel was going to offer himself as material support for violent acts. There is no evidence that Mr. Elhuzayel was planning to commit any violent acts. The desire to die as a martyr is one of the central beliefs of Islam and is currently believed by mainstream Muslims.

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

21. Defendant object to page 14 paragraph 57, which recommends a twelve point increase because Mr. Elhuzayel intended to " influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" under 18 USC §2332b(g)(5). There is no evidence that Mr. Elhuzayel intended to attack the American government or any government. Moreover, there is no evidence that Mr. Elhuzayel could even travel to the Islamic State. The government showed his boarding pass to the jury, which was to Tel Aviv, Israel. (Exhibit 604) Mr. Elhuzayel also had two suits in his large grey suitcase (Exhibit 607), his America passport (Exhibit 605), and his Israel passport and identification card in his black carry-on (Exhibit 606). Clearly, a man with these belongings could not gain access to the Islamic State, because the Islamic State opposes Americans and Israelis, which he has citizenship to both nations.

22. Defendant objects to page 19 paragraph 91, which states that Defendant believes that he completed third grade in Beersheba, before returning to the United States. The Defendant started third grade in Beersheba and then completed it in the United States.

WHEREFORE, Defendant hereby files his objections to the Presentence Investigation Report and requests a Hearing where the Government would be required to carry its burden to prove the conclusions contained in the PSR.

Date: 15 SEP 2016

/S/_____
Pal A. Lengyel-Leahu
Attorney for Defendant

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT