1    **UNITED STATES DISTRICT COURT**

2    **CENTRAL DISTRICT OF CALIFORNIA**

3    **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4                - - - - - - -

5    UNITED STATES OF AMERICA,        )
                                      )        **CERTIFIED**
6            Plaintiff,               )
         vs.                          ) No. 8:15-CR-0060-DOC
7                                     )     Item No. 6
     1) NADER SALEM ELHUZAYEL;        )
8    2) MUHANAD ELFATIH M.A. BADAWI,  )     Sealed proceedings
                                      )     redacted
9            Defendants.              )
     _____)

10

11

12

13

14        REPORTER'S REDACTED TRANSCRIPT OF PROCEEDINGS

15                    Pretrial Matters

16                 Santa Ana, California

17               Thursday, June 2, 2016

18

19

20

21   Debbie Gale, CSR 9472, RPR, CCRR
     Federal Official Court Reporter
22   United States District Court
     411 West 4th Street, Room 1-053
23   Santa Ana, California 92701
     (714) 558-8141

24

25

**DEBBIE GALE, U.S. COURT REPORTER**

| | |
|---|---|
| 1 | **APPEARANCES OF COUNSEL:** |
| 2 | |
| | FOR THE UNITED STATES OF AMERICA: |
| 3 | |
| 4 | DEPARTMENT OF JUSTICE<br>OFFICE OF THE UNITED STATES ATTORNEY |
| 5 | Criminal Division<br>BY:  Judith A. Heinz |
| 6 | Assistant United States Attorney<br>312 North Spring Street |
| 7 | 15th Floor<br>Los Angeles, California 90012 |
| 8 | 213-894-7280<br>USACAC.Criminal@usdoj.gov |
| 9 | DEPARTMENT OF JUSTICE |
| 10 | OFFICE OF THE UNITED STATES ATTORNEY<br>Criminal Division |
| 11 | BY:  Deirdre Z. Eliot<br>Assistant United States Attorney |
| 12 | 411 West 4th Street<br>Suite 8000 |
| 13 | Santa Ana, California 92701<br>714-338-3500 |
| 14 | USACAC.SACriminal@usdoj.gov |
| 15 | DEPARTMENT OF JUSTICE<br>OFFICE OF THE UNITED STATES ATTORNEY |
| 16 | General Crimes Section<br>BY:  Julius J. Nam |
| 17 | Assistant United States Attorney<br>312 North Spring Street |
| 18 | Suite 1200<br>Los Angeles, California 90012 |
| 19 | 213-894-4491<br>julius.nam@usdoj.gov |
| 20 | |
| 21 | FOR DEFENDANT NADER SALEM ELHUZAYEL: |
| 22 | Pal A. Lengyel-Leahu *(retained)* |
| 23 | LAW OFFICES OF PAL A. LENGYEL-LEAHU<br>360 East First Street |
| 24 | Suite 609<br>Tustin, California 92780 |
| 25 | 714-497-6813<br>plitigate@aol.com |

**DEBBIE GALE, U.S. COURT REPORTER**

1    **APPEARANCES (Continued:)**

2    FOR DEFENDANT MUHANAD ELFATIH M.A. BADAWI:

3

4         Katherine T. Corrigan *(CJA appointment)*
         CORRIGAN WELBOURN AND STOKKE APLC
         4100 Newport Place
5         Suite 550
         Newport Beach, California 92660
6         949-251-0330
         kate@cwsdefense.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              **I N D E X**

2    **PROCEEDINGS**                                    **PAGE**

3    Appearances                                        5

4    Discussion re prospective juror                    7

5    Sealed proceedings (redacted)                      8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | **SANTA ANA, CALIFORNIA, THURSDAY, JUNE 2, 2016** |
| 2 | **Item No. 6** |
| 3 | (5:08 p.m.) |
| 05:10   4 | THE COURT:  All right.  Then we're on the record. |
| 5 | And all counsel are present. |
| 05:10   6 | But just to make certain, could we begin with the |
| 7 | appearances this evening of the government. |
| 05:10   8 | **APPEARANCES** |
| 05:10   9 | MS. HEINZ:  Good evening, Your Honor.  Judith |
| 10 | Heinz on behalf of the U.S. |
| 05:10  11 | MS. ELIOT:  Good evening, Your Honor.  Deirdre |
| 12 | Eliot for the government. |
| 05:10  13 | MR. NAM:  Good evening, Your Honor.  Julius Nam |
| 14 | for the United States. |
| 05:10  15 | THE COURT:  And, Counsel, could we begin at the |
| 16 | front table. |
| 05:10  17 | MS. CORRIGAN:  Yes.  Good evening, Your Honor. |
| 18 | Kate Corrigan on behalf of Mr. Badawi.  He's present. |
| 19 | He's -- although he's in jail clothing, he's not shackled. |
| 05:10  20 | And just for the record, just want to indicate to |
| 21 | the court that I've been in the courtroom since 3:00 which |
| 22 | was according to a prior conversation that we had. |
| 05:11  23 | THE COURT:  Counsel, your appearance, please. |
| 05:11  24 | MR. LENGYEL-LEAHU:  Thank you, Your Honor.  Pal |
| 25 | Lengyel-Leahu appearing on behalf of Nader Elhuzayel.  He's |

|       |    |                                                          |
|-------|----|----------------------------------------------------------|
|       | 1  | present in civilian clothes with his belly --            |
| 05:11 | 2  | THE COURT:  All right.  Now, the Court had               |
|       | 3  | Mr. Badawi transported to Metropolitan Detention Center so|
|       | 4  | Dr. Hope could make the examination, because she wanted the|
|       | 5  | examination at that location, at Counsel Corrigan's request.|
| 05:11 | 6  | And I wanna make certain that when we put the            |
|       | 7  | doctor on the phone in a moment -- have you had some time to|
|       | 8  | talk to her, at least converse with her, Ms. Corrigan?   |
| 05:11 | 9  | MS. CORRIGAN:  Yes.  I discussed it.  We had a           |
|       | 10 | fairly lengthy discussion today.  And when she does get on|
|       | 11 | the phone, Your Honor, I'm gonna ask that the courtroom be|
|       | 12 | cleared because she's gonna be talking about some rather  |
|       | 13 | personal issues with -- about my client, some of his health|
|       | 14 | issues.                                                  |
| 05:12 | 15 | THE COURT:  All right.                                   |
| 05:12 | 16 | Is there any disagreement from the government's          |
|       | 17 | perspective?                                             |
| 05:12 | 18 | MS. HEINZ:  No, Your Honor.                              |
| 05:12 | 19 | THE COURT:  Counsel, Mr. Lengyel-Leahu, is there         |
|       | 20 | any disagreement if these matters are discussed *in camera*,|
|       | 21 | without your client and you present, concerning Mr. Badawi's|
|       | 22 | health?                                                  |
| 05:12 | 23 | MR. LENGYEL-LEAHU:  No.  No disagreement,                |
|       | 24 | Your Honor.                                              |
| 05:12 | 25 | THE COURT:  All right.                                   |

05:12  1          MS. CORRIGAN:  Your Honor, just before -- just, if

2    we might.  There is one matter we can just take up very

3    briefly, 'cause I think it might be something Kathy Peterson

4    might be able to handle for us?

05:12  5          THE COURT:  Please.

05:12  6              **DISCUSSION RE PROSPECTIVE JUROR**

05:12  7          MS. CORRIGAN:  The -- we -- in going through the

8    jury questionnaires today, I realize one of the jurors has

9    got a time-sensitive issue.  I spoke with Ms. Heinz via

10   e-mail, and then in the courtroom, and then just now, before

11   you took the bench, about a juror -- last name of Brito,

12   B-R-I-T-O.  He's indicated that'd he wants immediate contact

13   by the Court.  He has travel plans for June 6th through the

14   9th.  We are -- and, apparently, they're prebooked.  He's

15   already taken time off from work.

05:13  16         And he, at least, from the -- here, it seems like

17   there's a little bit of stress related.  We are in agreement

18   by stipulation, if the Court approves it, to release him.

05:13  19         THE COURT:  Acceptable to the government?

05:13  20         MS. HEINZ:  Acceptable, Your Honor.

05:13  21         THE COURT:  Mr. Lengyel-Leahu, is it acceptable?

05:13  22         MR. LENGYEL-LEAHU:  Acceptable.  So stipulated.

05:13  23         THE COURT:  All right.  Then he's excused by

24   stipulation of all counsel.

05:13  25         And, Deb, you can notify Kathy of that and call him

|       |    |                                                            |
|-------|----|------------------------------------------------------------|
|       | 1  | immediately.                                               |
| 05:13 | 2  | THE CLERK:  Okay.                                           |
| 05:13 | 3  | MS. CORRIGAN:  Thank you, Your Honor.                      |
| 05:13 | 4  | THE COURT:  Okay.  Then if it meets with your              |
|       | 5  | permission, then Dr. Hope is on the line now, and I think  |
|       | 6  | that that means, though, that all parties -- I think that  |
|       | 7  | means the family is cleared also, Ms. Corrigan?            |
| 05:14 | 8  | MS. CORRIGAN:  Yes, Your Honor.                            |
| 05:14 | 9  | THE COURT:  Okay.                                           |
| 05:14 | 10 | So, if you'd be so kind, if you'd remain out in the        |
|       | 11 | hallway for just a moment.  We'll bring you right back into |
|       | 12 | court.  Okay?                                               |
| 05:14 | 13 | And if the family would remain out in the hallway          |
|       | 14 | for just a moment, we'll bring you right back into court.  |
| 05:14 | 15 | And if government would remain also very -- in             |
|       | 16 | close proximity.                                           |
| 05:14 | 17 | And, Mr. Elhuzayel, we'll have you in the back.            |
|       | 18 | We'll bring you right back into court.                     |
| 05:14 | 19 | *(Courtroom cleared.)*                                     |
| 05:14 | 20 | * * **SEALED PROCEEDINGS REMOVED** * *                     |
| 05:14 | 21 | *(Written Court approval required to view.)*               |
| 05:57 | 22 | *(Open court proceedings resumed.)*                        |
| 05:58 | 23 | THE COURT:  Okay.  All counsel are now present.           |
|       | 24 | All of the parties are present.  And the family's present. |
| 05:58 | 25 | *(To audience:)* Most importantly, let me just talk       |

|       |    |                                                                    |
|-------|----|--------------------------------------------------------------------|
|       | 1  | to you folks for just a moment because we've had a hearing         |
|       | 2  | outside your presence.                                             |
| 05:58 | 3  | We're keeping him here in Santa Ana.  And so,                      |
|       | 4  | therefore, he's much more accessible to you over the               |
|       | 5  | weekend.  He's much more accessible to Ms. Corrigan over the       |
|       | 6  | weekend, and he's agreed to continue to eat voluntarily.           |
| 05:58 | 7  | In fact, it's pretty good food.  It's *halal* food                 |
|       | 8  | from right across the street.  Okay?                                |
| 05:59 | 9  | If that changes, you've heard what we have to do,                  |
|       | 10 | but I'm really hopeful that he's gonna at least maintain his       |
|       | 11 | health, and it's gonna start an increase.  There's been a          |
|       | 12 | good gain in his weight, and he's communicating.  So all of        |
|       | 13 | those are good signs -- much better than I think that you,         |
|       | 14 | as the mother witnessed, when you tried to visit your son          |
|       | 15 | last Saturday, which had to be tragic for you.  And I'd just       |
|       | 16 | encourage you to make that attempt -- get back over to the         |
|       | 17 | jail if you can.  Not going back to L.A.                           |
| 05:59 | 18 | We're conscious of Ramadan.  And I represented that                |
|       | 19 | I would honor that religious tenet at the beginning of the         |
|       | 20 | case.  I'm gonna try to do that, but it's gonna require his        |
|       | 21 | cooperation.  For instance, he'll be normally fed on Monday,       |
|       | 22 | up until Ramadan begins on the evening hours.  And we'll           |
|       | 23 | feed him here in court to make sure he's eating, but getting       |
|       | 24 | good food also -- much better than the jail.                       |
| 06:00 | 25 | But then, we've got 5:41 a.m. on Tuesday.  We have                 |

**DEBBIE GALE, U.S. COURT REPORTER**

|   |   |
|---|---|
| | 1 |

1    sunset at 8:01 p.m. on Tuesday, and then we have a schedule

2    of sunrise and sunset throughout the week so that, even if

3    he can't see outside, we can represent to him the

4    appropriate time.

06:00    5         Now, here's the inconvenience for everybody, but I

6    think it's valid.  If I can accommodate a religious tenet

7    and principle without violating that sensibility and also

8    have him sustain his health, let's do that.

06:00    9         Let's do that.  But he's permitted to eat during

10    Ramadan if there is any health issue.  An imam is prepared

11    to sign off on that.  I don't think that's gonna be

12    necessary, but he's gonna have to drink about four to six

13    Boosts per day in court just to maintain.  So we can have a

14    healthy meal in the morning and a healthy evening meal.  And

15    hopefully that'll stop up and down the highway, intravenous

16    feeding and force-feeding.

06:01    17         If he doesn't do that, then I've got to be in the

18    position of breaking that religious tenet, which I don't

19    want to do, and then the imam will have the letter that will

20    say, "For health purposes, et cetera, that our religious

21    principles are going to have to be put to the side."  So

22    hopefully it works; in other words, hopefully, we can do

23    both.  Okay?  And we'll see.  But we'll know really on the

24    first-day of Ramadan, the first full day on Tuesday, how

25    we're progressing.

06:01    1              I'm going to stay here until 8:00 o'clock

         2    literally.  You folks don't have to.  Counsel don't.  But

         3    I'm going to know if he's eating at 8:01, et cetera, on

         4    Tuesday night.  I'll just stay in the court until I make

         5    sure that that occurs.  Okay?

06:01    6              So hopefully healthy and hopefully we don't have

         7    any dissipation.

06:01    8              AUDIENCE MEMBER:  Thank you, Your Honor.

06:02    9              THE COURT:  *(To law Clerk:)*  Ariel, also you can

         10   give Marcelino this schedule, if he doesn't have it, for the

         11   days.

06:02    12             And, Counsel, it's right on the Internet so you can

         13   pull it off the Internet, if you'd like to -- the family.

         14   But everybody knows sunset and sunrise.

06:02    15             Well, listen, the only real reason I called you

         16   together this evening was, one, to make certain that you'd

         17   gotten all of the jury questionnaires.

06:02    18             Ms. Corrigan, have you received them?

06:02    19             MS. CORRIGAN:  I have, Your Honor.

06:02    20             THE COURT:  Okay.  I don't expect you to have gone

         21   over all of them this evening.

06:02    22             And I know, Mr. Lengyel-Leahu, you've been engaged

         23   in another court, but have you received all of the

         24   questionnaires?

06:02    25             MR. LENGYEL-LEAHU:  If all of them were in that

|       |    |                                                        |
|-------|----|--------------------------------------------------------|
|       | 1  | box that I received, I think so.                       |
| 06:02 | 2  | THE CLERK:  He did.                                     |
| 06:02 | 3  | THE COURT:  Well, let him tell me.  I need the          |
|       | 4  | record from him.                                        |
| 06:02 | 5  | MR. LENGYEL-LEAHU:  I have 'em all, Your Honor.         |
| 06:02 | 6  | THE COURT:  You've got 'em all?  And, if not -- I       |
|       | 7  | wanna make sure.  You have 'em all?                     |
| 06:02 | 8  | MR. LENGYEL-LEAHU:  I have 'em all, Your Honor.         |
| 06:02 | 9  | THE COURT:  All right.  Then great.                     |
| 06:02 | 10 | Counsel for the government, do you have them?           |
| 06:02 | 11 | MS. HEINZ:  Yes, we have them all, Your Honor.          |
|       | 12 | Thank you.                                              |
| 06:02 | 13 | THE COURT:  Now, is there a reason for you to be        |
|       | 14 | in session tomorrow?  And if so, I want to set up that time. |
|       | 15 | Or do you want that, as I promised, as a workday or even a |
|       | 16 | consultation day between all of you?                    |
| 06:03 | 17 | MS. HEINZ:  Your Honor, the government has no           |
|       | 18 | reason to be in court tomorrow.  We have plenty to do.  |
| 06:03 | 19 | THE COURT:  You don't want to see me?                   |
| 06:03 | 20 | MS. HEINZ:  We always like seeing you, Your Honor.      |
| 06:03 | 21 | THE COURT:  Ms. Corrigan, how about you?                |
| 06:03 | 22 | MS. CORRIGAN:  I would concur.  And I expect to be      |
|       | 23 | talking to the government lawyers at length.            |
| 06:03 | 24 | Although there is one -- after you ask                  |
|       | 25 | co-defendant's Counsel, I do have just one comment that I'd |

**DEBBIE GALE, U.S. COURT REPORTER**

|       |    |                                                                   |
|-------|----|-------------------------------------------------------------------|
|       | 1  | like to cover tonight.                                            |
| 06:03 | 2  |          THE COURT:  Okay.                                         |
| 06:03 | 3  |          Mr. Lengyel-Leahu, any reason that you'd like to         |
|       | 4  | reconvene?  And, if so, let's set the time now.                   |
| 06:03 | 5  |          MR. LENGYEL-LEAHU:  I can think of none,                  |
|       | 6  | Your Honor.  Thank you.                                            |
| 06:03 | 7  |          THE COURT:  Okay.                                         |
| 06:03 | 8  |          Now, Ms. Corrigan.                                        |
| 06:03 | 9  |          MS. CORRIGAN:  It's an easy thing.                        |
| 06:03 | 10 |          Ms. Heinz and I spoke earlier today about the Court      |
|       | 11 | giving us or providing us with a list of the jurors in            |
|       | 12 | order -- and some fashion of an order of how they may be          |
|       | 13 | coming into the courtroom starting on Tuesday.                    |
| 06:03 | 14 |          I don't know if that's gonna be available to us,         |
|       | 15 | but I was wondering what the -- if it is --                       |
| 06:03 | 16 |          THE COURT:  I'm waiting for a stipulation.  I'm          |
|       | 17 | not doing anything.                                               |
| 06:04 | 18 |          MS. CORRIGAN:  We have stipulated.                       |
| 06:04 | 19 |          THE COURT:  I'm saying to each of you, I'm               |
|       | 20 | minimally willing to give you the first twelve jurors.  I'll      |
|       | 21 | give you the first 18 jurors.  I'll give you the first 24         |
|       | 22 | jurors in order, if you'd like; so, when you're going            |
|       | 23 | through 224 questionnaires, you know where to focus at the        |
|       | 24 | beginning.  I'll probably give you more.                          |
| 06:04 | 25 |          MS. CORRIGAN:  We would like to stipulate.              |

| | | |
|---|---|---|
| 06:04 | 1 | I'm assuming that co-defendant's counsel will, as |
| | 2 | well. |
| 06:04 | 3 | But we were entertaining a stipulation of the first |
| | 4 | 150, if not all.  But 150, if it's possible; if not, we can |
| | 5 | ratchet it down to whatever the Court's able to accommodate. |
| 06:04 | 6 | THE COURT:  Hold on. |
| 06:04 | 7 | Can I make a call to Kathy for just a moment? |
| 06:04 | 8 | MS. CORRIGAN:  Sure. |
| 06:04 | 9 | MS. HEINZ:  Yes, Your Honor. |
| 06:04 | 10 | THE COURT:  It's fine with me.  I just need to |
| | 11 | check with Kathy. |
| 06:04 | 12 | MS. CORRIGAN:  If she's able to do it; if not, |
| | 13 | we'll take whatever we can get. |
| 06:04 | 14 | *(Ellen Matheson, Supervisor of Judicial Services,* |
| | 15 | *joins proceedings telephonically.)* |
| 06:05 | 16 | THE COURT:  Hi, Ellen. |
| 06:05 | 17 | MS. MATHESON:  Yes, Your Honor. |
| 06:05 | 18 | THE COURT:  You're in court and on the record. |
| | 19 | And all counsel and the parties are present. |
| 06:06 | 20 | And we've been discussing how best Counsel can get |
| | 21 | through this voluminous number of jurors in a fair way; and, |
| | 22 | if possible, reach stipulations on those who may not be |
| | 23 | obviously qualified. |
| 06:06 | 24 | MS. MATHESON:  Okay. |
| 06:06 | 25 | THE COURT:  And, right now, they're in a position |

| | | |
|---|---|---|
| | 1 | of having 224 jury questionnaires, and they have no idea |
| | 2 | which one's more important than the other; although, from my |
| | 3 | perspective, I think we are easily able to turn to two pages |
| | 4 | right off the bat and look at pages 10 and 11, Questions 33 |
| | 5 | and 36, which is a good place to start.  Because, if a jury |
| | 6 | *(sic)* answers "no" to each of those, it's an indication that |
| | 7 | they can't be fair -- let's just say an indication. |
| 06:07 | 8 | MS. CORRIGAN:  31's also one of those questions, |
| | 9 | Your Honor. |
| 06:07 | 10 | THE COURT:  31 is also.  But the easy ones to |
| | 11 | find -- there's three places actually, but those are the |
| | 12 | easy quick ones to find. |
| 06:07 | 13 | MS. MATHESON:  Okay. |
| 06:07 | 14 | THE COURT:  Okay.  Now, I don't know how they're |
| | 15 | going to go through these, but stipulations will probably be |
| | 16 | reached by the very obvious, and we'll have a tussle over |
| | 17 | some for cause; but, even if we granted all the cause |
| | 18 | requests, I think we still have enough jurors to get a |
| | 19 | pool -- at least, I've gone through all of them now. |
| 06:07 | 20 | And so I don't think you're gonna have to call in |
| | 21 | 50 or 60 more jurors that we had in waiting. |
| 06:07 | 22 | MS. MATHESON:  Okay. |
| 06:07 | 23 | THE COURT:  Is it possible if they stipulate that |
| | 24 | we could actually run the order of jurors that we would be |
| | 25 | calling?  In other words, 1 through 124, so that they knew |

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
|       | 1  | when they looked at Juror No. 1, that they're really paying              |
|       | 2  | attention to Juror No. 1 through 12, or 18, or 24, with --               |
|       | 3  | knowing that they're going to pay equal attention to Juror               |
|       | 4  | No. 200, but maybe not quite in the same time frame.                     |
| 06:08 | 5  | Because, otherwise, what they're doing is they're          |
|       | 6  | looking at 224 questionnaires.  And they're just shuffling               |
|       | 7  | these around as quickly as possible.                                     |
| 06:08 | 8  | Can we run our jury selection tomorrow?                     |
| 06:08 | 9  | MS. MATHESON:  If you don't mind, I'm going to            |
|       | 10 | repeat.  I think you're asking me, after the stipulations --             |
| 06:08 | 11 | THE COURT:  No, no.                                       |
| 06:08 | 12 | MS. MATHESON:  -- some jurors have been excused,          |
|       | 13 | can we re-run a list in random order of those remaining?                 |
| 06:08 | 14 | THE COURT:  Well, pretty close.  That's excellent.       |
|       | 15 | No.  Before the stipulations.                                            |
| 06:09 | 16 | MS. MATHESON:  Oh.                                        |
| 06:09 | 17 | THE COURT:  We just take 224, and just assume that       |
|       | 18 | these are all excellent jurors.  And we just run 'em.  We                |
|       | 19 | would normally call Juror 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,             |
|       | 20 | 12 to the box.                                                           |
| 06:09 | 21 | MS. MATHESON:  I have a list like that.                   |
| 06:09 | 22 | THE COURT:  So, in other words, right now, if we         |
|       | 23 | were proceeding to trial, in a normal trial, I can get a                 |
|       | 24 | list of Jurors No. 1 through 224 that we would be calling;               |
|       | 25 | is that correct?                                                         |

| | | |
|---|---|---|
| 06:09 | 1 | MS. MATHESON:  In random order, yes. |
| 06:09 | 2 | MS. CORRIGAN:  Is that the order that...? |
| 06:09 | 3 | MS. MATHESON:  In other words, not alphabetical. |
| 06:09 | 4 | THE COURT:  No.  I mean, the way we would call |
| | 5 | them.  "Deb, call the first juror." |
| 06:09 | 6 | MS. MATHESON:  Yes.  I have a list like that now. |
| 06:09 | 7 | THE CLERK:  That's a Judge's List.  That's what |
| | 8 | that's called. |
| 06:09 | 9 | THE COURT:  Well, thank you. |
| 06:09 | 10 | That's called a Judge's List, apparently. |
| 06:10 | 11 | MS. MATHESON:  Yes. |
| 06:10 | 12 | THE COURT:  After 34 years on the bench, I just |
| | 13 | learned that's called a Judge's List.  Thanks, Ellen.  I'm |
| | 14 | just kidding you. |
| 06:10 | 15 | And that would be the order that I would call |
| | 16 | jurors into the box; is that correct? |
| 06:10 | 17 | MS. MATHESON:  Correct. |
| 06:10 | 18 | THE COURT:  So we already have that in place? |
| 06:10 | 19 | MS. MATHESON:  Yes. |
| 06:10 | 20 | THE COURT:  Excellent. |
| 06:10 | 21 | Now, that's something, Counsel, I didn't know. |
| 06:10 | 22 | And, Ellen, thank you. |
| 06:10 | 23 | MS. MATHESON:  You're welcome. |
| 06:10 | 24 | THE COURT:  Do you want all 224? |
| 06:10 | 25 | MS. CORRIGAN:  So stipulated. |

| | | |
|---|---|---|
| 06:10 | 1 | MS. HEINZ:  So stipulated. |
| 06:10 | 2 | MR. LENGYEL-LEAHU:  So stipulated. |
| 06:10 | 3 | THE COURT:  Okay.  Now, that's a tremendous |
| | 4 | benefit.  Without that stipulation, it's almost unheard of. |
| 06:10 | 5 | But here's the benefit to you:  If you see the |
| | 6 | obvious ones, we can make the calls Monday and excuse those |
| | 7 | people, and there might be 40 or 50 or 60 people who just |
| | 8 | aren't coming to court. |
| 06:10 | 9 | There will be the non-obvious ones.  And I'll tell |
| | 10 | you where you'll see them for the first time.  You're gonna |
| | 11 | get somebody -- and I know that there's three questions. |
| | 12 | You're gonna get somebody on page -- I can't tell you how |
| | 13 | many times this occurs -- on page 10: |
| 06:11 | 14 | *"When you consider any feelings or* |
| | 15 | *opinions you have, do you think you can* |
| | 16 | *evaluate fairly the evidence presented* |
| | 17 | *in the case?"* |
| 06:11 | 18 | And they answer, *"Yes."* |
| 06:11 | 19 | And then you turn to page 11, and the same |
| | 20 | question's asked at the bottom, and they ask *(sic)* "No." |
| 06:11 | 21 | MS. CORRIGAN:  There's a lot of inconsistent |
| | 22 | answers in those jury questionnaires that've popped up. |
| | 23 | There's a pattern. |
| 06:11 | 24 | THE COURT:  Yeah.  And so the end result is, you |
| | 25 | don't know if they got confused or, you know, if they're |

**DEBBIE GALE, U.S. COURT REPORTER**

1    answering truthfully.

06:11    2        Here, I said, "yes."  But as you asked me the four

3    additional questions, now I'm saying "No."

06:11    4        And you may decide to stipulate to those.  You may

5    decide not to.  That depends how many questions you want to

6    ask in front of the jury.  Okay?  Because I don't think

7    giving you the questionnaire now, that I'm going to go back

8    *in camera* and allow questionings individually.

06:12    9        I've done my best to give you a very fair

10   questionnaire and a complete questionnaire.

06:12   11        "Cause" motions -- certainly out of the presence of

12   the jury.

06:12   13        But as far as arguing about Question No. 32, and if

14   they have been to Iraq four times, and you don't think that

15   they'd be a good juror because they've served in the

16   military, but then they've marked "yes," "fair," "yes,"

17   fair," that's up to your questioning, if you want to take

18   the chance with the answers you get, good or bad.  Okay?

06:12   19        Okay.  So Ellen, I think, if we could give them 1

20   through whatever we have, and they know that's the order I

21   will be calling, what would happen is the following:

06:12   22        Let's say Juror No. 1 is good to go, at least to

23   call into the box and they haven't stipulated to excuse.

06:12   24        Juror No. 2 is good to go.  Called into the box.

06:12   25        But Juror No. 3 is a stipulation.  "Judge, we

**DEBBIE GALE, U.S. COURT REPORTER**

1    stipulate this juror is not qualified to sit."

06:12    2         We can call on Monday.  It saves that juror coming

3    in.

06:13    4         But now, you know, Counsel, Juror No. 4 becomes the

5    next juror up.  And you can just count through the stack.

6    That really gives you a great chance to prepare and also not

7    ask the question that is devastating to either one of you in

8    the jury's presence.  So you might hang in there for that

9    one question, but that's up to you.  Okay?

06:13    10        Is that fair enough for the government?

06:13    11        MS. HEINZ:  Yes, Your Honor.

06:13    12        THE COURT:  And it gives you a tremendous look at

13   your pool right to begin with, and it and allows your

14   preparation.

06:13    15        Ms. Corrigan, how about you?

06:13    16        MS. CORRIGAN:  I'd like to thank the Court for

17   doing this.  It's going to make our job much easier.

06:13    18        THE COURT:  Just don't tell any other Court we did

19   it.  Okay?

06:13    20        Mr. Lengyel-Leahu?

06:13    21        MR. LENGYEL-LEAHU:  That sounds great, Your Honor.

22   Thank you.

06:13    23        THE COURT:  I think it's a tremendous benefit to

24   you.  Normally -- we didn't do that, even with the Aryan

25   Brotherhood cases and the Mexican Mafia cases.  I think we

|        |    |                                                            |
|--------|----|------------------------------------------------------------|
|        | 1  | just did up to 18 in one case or 24.                       |
| 06:13  | 2  | MS. CORRIGAN:  That's my recollection.                     |
| 06:13  | 3  | THE COURT:  Okay.                                           |
| 06:13  | 4  | Ellen, when can you give that to them?                     |
| 06:14  | 5  | THE CLERK:  I have it right here and we can make            |
|        | 6  | copies.                                                     |
| 06:14  | 7  | THE COURT:  Oh, Ellen, we have it right here.              |
| 06:14  | 8  | MS. MATHESON:  Great.                                       |
| 06:14  | 9  | THE COURT:  Okay.  Counsel, we're gonna give it to         |
|        | 10 | you in a minute.  How's that?                              |
| 06:14  | 11 | MS. CORRIGAN:  Perfect.  Thank you.                        |
| 06:14  | 12 | MR. LENGYEL-LEAHU:  Thank you.                             |
| 06:14  | 13 | MS. HEINZ:  Thank you, Your Honor.                        |
| 06:14  | 14 | THE COURT:  I think that'll save a huge amount of         |
|        | 15 | time for you this weekend.                                  |
| 06:14  | 16 | MS. CORRIGAN:  Thank you, Your Honor.                     |
| 06:14  | 17 | THE COURT:  Okay.                                           |
| 06:14  | 18 | All right.  Now, take my copies.  Don't worry about        |
|        | 19 | the red and yellows.  Okay?                                 |
| 06:14  | 20 | Then is there anything further this evening; and if        |
|        | 21 | not, I want you to court at 7:30 on Monday, because that's  |
|        | 22 | when we're gonna start making phone calls; that's when I'm  |
|        | 23 | going to hear who you're stipulating to; that's going to be |
|        | 24 | possibly when you want to raise others that are close       |
|        | 25 | calls -- did they just get confused or not.                 |

**DEBBIE GALE, U.S. COURT REPORTER**

06:14   1              But I can tell you, if there's any disagreement,

        2    most of the time I'm going to leave that for further

        3    questioning.  I just put you on alert about that.  Okay?

06:14   4              So, let me turn to the government.

06:14   5              Anything further?

06:14   6              MS. HEINZ:  Nothing further from the government,

        7    Your Honor.

06:14   8              THE COURT:  You okay?

06:14   9              MS. ELIOT:  Yes.  Nothing further.  Thank you.

06:14  10              THE COURT:  Ms. Corrigan?

06:15  11              MS. CORRIGAN:  Nothing further, Your Honor.

06:15  12              THE COURT:  Mr. Lengyel-Leahu?

06:15  13              MR. LENGYEL-LEAHU:  Thank you, Your Honor.

06:15  14              I have haven't had a chance to talk with Counsel.

       15    I came across a lady who apparently has a skin surgery on

       16    6/8.

06:15  17              THE COURT:  Well, why don't you talk now.

06:15  18          (Counsel confer.)

06:15  19              THE COURT:  Oh, by the way, Counsel, these are for

       20    your eyes only.  These do not go out of the respective

       21    parties' presence.  They don't go to anybody else except

       22    your clients, of course.  You can share those, Counsel, with

       23    your clients to make a decision, but not with the family,

       24    not with any other party.

06:15  25          (Counsel continue to confer.)

**DEBBIE GALE, U.S. COURT REPORTER**

06:15   1        MS. CORRIGAN:  She has basal cell cancer surgery

        2    set, and has multiple appointments, it looks like.  And

        3    that's actually kind of serious.  Yeah.  I think I'm willing

        4    to stipulate.  It looks like the government's also --

06:15   5        Good catch.

06:16   6        MR. LENGYEL-LEAHU:  Thank you.

06:16   7        MS. CORRIGAN:  That sounds rather serious, so I'd

        8    be willing to stipulate for cause.

06:16   9        THE COURT:  Okay.

06:16  10        And what's the name, please?

06:16  11        MR. LENGYEL-LEAHU:  Lori Palmer.  Do you need the

       12    badge number?

06:16  13        THE COURT:  Lori Palmer.  And the number.

06:16  14        MR. LENGYEL-LEAHU:  803431095.

06:16  15        THE COURT:  Okay.  803431095.

06:16  16        And, Ellen, are you still on the phone?  Okay.  She

       17    needs to be called.

06:16  18        And Brito you stipulated to earlier.

06:16  19        MS. CORRIGAN:  Brito's already been contacted, I

       20    believe, Your Honor.  I gave your clerk --

06:16  21        THE COURT:  Deb, they've stipulated to somebody

       22    outside your presence.  That's Palmer -- P-A-L-M-E-R --

       23    needs to be called.  She's having surgery.  Her badge

       24    number's 803431095.  She should be called first thing

       25    tomorrow morning.  Okay?

8:15-CR-0060-DOC - 6/2/2016 - Item No. 6

24

| | | |
|---|---|---|
| 06:17 | 1 | Okay.  Then is there any further business with the |
| | 2 | Court? |
| 06:17 | 3 | Counsel on behalf of the government? |
| 06:17 | 4 | MS. HEINZ:  Nothing further, Your Honor. |
| 06:17 | 5 | Have a good weekend, then. |
| 06:17 | 6 | MS. CORRIGAN:  Thank you, Your Honor. |
| 06:17 | 7 | THE COURT:  Ms. Corrigan? |
| 06:17 | 8 | MS. CORRIGAN:  Nothing further. |
| 06:17 | 9 | THE COURT:  Mr. Leahu? |
| 06:17 | 10 | MR. LENGYEL-LEAHU:  Nothing further, Your Honor. |
| | 11 | Thank you. |
| 06:17 | 12 | THE COURT:  Thank you very much. |
| 06:17 | 13 | Have a good weekend then.  We'll see you at 7:30 in |
| | 14 | the morning, Monday. |
| 06:17 | 15 | *(Proceedings adjourned at 6:17 p.m.)* |
| 06:17 | 16 | -oOo- |
| 06:17 | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

**DEBBIE GALE, U.S. COURT REPORTER**

```
06:17    1                              -oOo-

06:17    2

06:17    3                           CERTIFICATE

06:17    4

06:17    5          I hereby certify that pursuant to Section 753,

         6    Title 28, United States Code, the foregoing is a true and

         7    correct transcript of the stenographically reported

         8    proceedings held in the above-entitled matter and that the

         9    transcript page format is in conformance with the

        10    regulations of the Judicial Conference of the United States.

06:17   11

06:17   12    Date:  March 31, 2017

06:17   13

06:17   14
06:17                            /s/ Debbie Gale
06:17   15                      _____
06:17                           DEBBIE GALE, U.S. COURT REPORTER
06:17   16                      CSR NO. 9472, RPR, CCRR

06:17   17

        18

        19

        20

        21

        22

        23

        24

        25
```