1                    **UNITED STATES DISTRICT COURT**

2                    **CENTRAL DISTRICT OF CALIFORNIA**

3              **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4                       - - - - - - -

5    UNITED STATES OF AMERICA,        )
                                      )        <u>**CERTIFIED**</u>
6              Plaintiff,             )
                                      )
7         vs.                         ) No. 8:15-CR-0060-DOC
                                      )     Day 8, Volume II
8    1) NADER SALEM ELHUZAYEL;        )
     2) MUHANAD ELFATIH M.A. BADAWI,  )
9                                     )
               Defendants.            )
10   _____)

11

12

13

14

15              REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                       Jury Trial

17                  Santa Ana, California

18                Thursday, June 16, 2016

19

20

21

22   Debbie Gale, CSR 9472, RPR, CCRR
     Federal Official Court Reporter
23   United States District Court
     411 West 4th Street, Room 1-053
24   Santa Ana, California 92701
     (714) 558-8141

25

Case 8:15-cr-00060-DOC  Document 298  Filed 03/31/17  Page 2 of 50  Page ID #:5012
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

2

1   **APPEARANCES:**

2

FOR THE UNITED STATES OF AMERICA:

3

    DEPARTMENT OF JUSTICE
4       OFFICE OF THE UNITED STATES ATTORNEY
    Criminal Division
5       BY:  Judith A. Heinz
        Assistant United States Attorney
6       312 North Spring Street
    15th Floor
7       Los Angeles, California 90012
    213-894-7280
8       USACAC.Criminal@usdoj.gov

9       DEPARTMENT OF JUSTICE
    OFFICE OF THE UNITED STATES ATTORNEY
10      Criminal Division
    BY:  Deirdre Z. Eliot
11          Assistant United States Attorney
    411 West 4th Street
12      Suite 8000
    Santa Ana, California 92701
13      714-338-3500
    USACAC.SACriminal@usdoj.gov
14
    DEPARTMENT OF JUSTICE
15      OFFICE OF THE UNITED STATES ATTORNEY
    General Crimes Section
16      BY:  Julius J. Nam
        Assistant United States Attorney
17      312 North Spring Street
    Suite 1200
18      Los Angeles, California 90012
    213-894-4491
19      julius.nam@usdoj.gov

20

FOR DEFENDANT NADER SALEM ELHUZAYEL:

21

    Pal A. Lengyel-Leahu *(retained)*
22      LAW OFFICES OF PAL A. LENGYEL-LEAHU
    360 East First Street
23      Suite 609
    Tustin, California 92780
24      714-497-6813
    plitigate@aol.com
25

1    **APPEARANCES (Continued):**

2

     FOR DEFENDANT MUHANAD ELFATIH M.A. BADAWI:

3

4         Katherine T. Corrigan *(CJA appointment)*
          CORRIGAN WELBOURN AND STOKKE APLC
5         4100 Newport Place
          Suite 550
6         Newport Beach, California 92660
          949-251-0330
7         kate@cwsdefense.com

8

9    ALSO PRESENT:

10        Cambria Lisonbee (assisting Ms. Corrigan)
          Joshua Hopps (assisting Mr. Lengyel-Leahu)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          **I N D E X**

2              Jury Trial - Day 8, Volume II

3
      *(Previous proceedings reported by Deborah Parker*
4     *in Volume I.)*

5     **PROCEEDINGS**                            **PAGE**

6     Discussion re exhibits                        5

7     Discussion re Jury Instructions               8

8     Argument by Mr. Lengyel-Leahu               11

9     Argument by Ms. Heinz                        11

10    Argument by Mr. Lengyel-Leahu               13

11    Argument by Ms. Heinz                        13

12    Argument by Mr. Lengyel-Leahu               14

13    Argument by Ms. Heinz                        15

14    Further discussion re exhibits               29

15    Further discussion re Jury Instructions      30

16    Further argument by Mr. Lengyel-Leahu

17    Further argument by Ms. Heinz                32

18    Further argument by Mr. Lengyel-Leahu        33

19    Court rulings on Jury Instructions           34

20    Verdict forms discussed                      41

21    Exhibit forms signed by counsel              41

22    Discussion re newscasts                      43

23

24

25

**DEBBIE GALE, U.S. COURT REPORTER**

1        SANTA ANA, CALIFORNIA, THURSDAY, JUNE 16, 2016

2                    **Day 8, Volume II**

3                      (11:20 a.m.)

4        *(Previous proceedings reported by Deborah Parker*

5     *in Volume I.)*

11:20  6        *(Outside the presence of the jury.)*

11:20  7        THE COURT:  All right.  We are on the record.  The

8     jury's not present.  The alternates are not present.

11:20  9        All counsel are present.  The defendants are

10    present.

11:20 11                  **DISCUSSION RE EXHIBITS**

11:20 12        THE COURT:  Counsel, I want to thank you for going

13    over the exhibits informally with Debbie.  But now I need to

14    make a record and see if there are disagreements.

11:20 15        Mr. Lengyel-Leahu, have you personally gone over

16    each of the exhibits?

11:20 17        MR. LENGYEL-LEAHU:  Yes, sir, I have.

11:20 18        THE COURT:  Ms. Corrigan, have you?

11:20 19        MS. CORRIGAN:  I have, Your Honor.

11:20 20        THE COURT:  Ms. Heinz, have you?

11:20 21        MS. HEINZ:  I have, Your Honor.

11:20 22        THE COURT:  Are there disagreements concerning any

23    of the exhibits?  Are there missing exhibits?  Is there

24    something inappropriate about the way that the exhibit's

25    being presented -- as received into evidence -- to the jury?

| 11:20 | 1 | So let me start with the government. |
| 11:20 | 2 | MS. HEINZ:  I'm sorry, Your Honor.  Just -- I'm |
| | 3 | sorry.  One more minute. |
| 11:21 | 4 | THE COURT:  Sure. |
| 11:21 | 5 | MS. HEINZ:  Your Honor, everything -- everything |
| | 6 | is fine.  There was one missing disc, which is being |
| | 7 | replaced upstairs.  We're just making a new one. |
| 11:21 | 8 | Counsel and I have reached a decision that that |
| | 9 | will just replace the disc that is missing. |
| 11:21 | 10 | THE COURT:  Okay.  Now, there was a disc lying on |
| | 11 | the witness box, loose.  And I called the attention to each |
| | 12 | of you about that disc, and somebody who was helping picked |
| | 13 | that disc up and put it over in the corner. |
| 11:21 | 14 | I'm just wondering if that's your missing disc and |
| | 15 | it didn't get mixed up with the luggage, frankly, which was |
| | 16 | sitting in the corner. |
| 11:22 | 17 | MS. HEINZ:  We have searched pretty diligently for |
| | 18 | this. |
| 11:22 | 19 | THE COURT:  Whatever that was, in the corner, that |
| | 20 | pile of material, you may find it there. |
| 11:22 | 21 | MS. CORRIGAN:  Right.  But I can represent to the |
| | 22 | Court that Mr. Nam and I have gone through what is going to |
| | 23 | be on the new disc, and it is representative of what was |
| | 24 | admitted into evidence and played for the jury. |
| 11:22 | 25 | THE COURT:  Okay.  Mr. Lengyel-Leahu? |

| 11:22 | 1 | MR. LENGYEL-LEAHU:  Agree, Your Honor. |
| 11:22 | 2 | THE COURT:  Then is the government prepared to |
| | 3 | sign -- |
| 11:22 | 4 | *(To the clerk:)* And, Deb, what would you like them |
| | 5 | to sign?  The back of exhibit list? |
| 11:22 | 6 | THE CLERK:  I actually just typed it up, and I'm |
| | 7 | going to print it and have them sign it. |
| 11:22 | 8 | THE COURT:  Okay. |
| 11:22 | 9 | -- basically a certification that you are |
| | 10 | accepting, subject to any objections you may have made, |
| | 11 | either the defendant or the government -- but you're |
| | 12 | accepting that this is an accurate record and that these are |
| | 13 | accurate exhibits that are going to be received by the jury |
| | 14 | for their consideration? |
| 11:23 | 15 | MS. HEINZ:  Yes, Your Honor.  That -- yes, we have |
| | 16 | to pull three exhibits out that were not played for the |
| | 17 | jury, but were admitted. |
| 11:23 | 18 | So, with that caveat and the fact that a new |
| | 19 | disc -- the new disc has to go in there, yes, we are. |
| 11:23 | 20 | THE COURT:  Okay.  Now, I'm going to wait, because |
| | 21 | here's why:  I want a total and complete record.  I'm not -- |
| | 22 | or I can do it tomorrow at 2:00 o'clock.  But we're here |
| | 23 | now.  So I'm gonna get off the bench in a few moments. |
| 11:23 | 24 | But until that's done, until the disc is copied, |
| | 25 | that's what we're doing today; otherwise, we have to come |

| | | |
|---|---|---|
| | 1 | back at 2:00 o'clock tomorrow.  So it's not that "*it's being* |
| | 2 | *done*."  There's three exhibits that have to be pulled, |
| | 3 | "*we're making a copy*." |
| 11:24 | 4 | Until I have a complete record that all that's |
| | 5 | done... |
| 11:24 | 6 | MS. HEINZ:  Understood, Your Honor. |
| 11:24 | 7 | THE COURT:  Okay.  Let's just delay that |
| | 8 | conversation and go back to our jury instructions for a |
| | 9 | moment. |
| 11:24 | 10 | MS. CORRIGAN:  What are the three exhibits? |
| 11:24 | 11 | MR. LENGYEL-LEAHU:  717, 720, and 725. |
| 11:24 | 12 | MS. CORRIGAN:  Okay. |
| 11:24 | 13 | THE COURT:  We'll meet after lunch and resolve it |
| | 14 | at that time.  Okay? |
| 11:24 | 15 | **DISCUSSION RE JURY INSTRUCTIONS** |
| 11:24 | 16 | THE COURT:  Then, concerning the stipulated |
| | 17 | instructions, we had gone through all of the instructions up |
| | 18 | to what I'm going to call the "material support" |
| | 19 | instruction.  And there's obviously one instruction that |
| | 20 | needs to be pulled.  And the instruction that I'm now |
| | 21 | pulling is "*A defendant has testified*." |
| 11:24 | 22 | MS. CORRIGAN:  Yes, that's appropriate. |
| 11:24 | 23 | THE COURT:  And the preceding instruction |
| | 24 | discusses "defendants" in plural. |
| 11:24 | 25 | Do you want me to insert the names of |

|       |    |                                                            |
|-------|----|------------------------------------------------------------|
|       | 1  | Mr. Elhuzayel and Mr. Badawi?  It doesn't seem it's         |
|       | 2  | necessary; that this is now an appropriate instruction, and |
|       | 3  | would read:                                                 |
| 11:25 | 4  | *"A defendant in a criminal case has a*                     |
|       | 5  | *constitutional right not to testify.*                      |
|       | 6  | *You may not draw any inference of any*                     |
|       | 7  | *kind from the fact that the defendants*                    |
|       | 8  | *did not testify."*                                         |
| 11:25 | 9  | I can insert names.  I can leave it just as a               |
|       | 10 | standard instruction for the Ninth Circuit.                 |
| 11:25 | 11 | MS. CORRIGAN:  I'm fine with the standard.                  |
| 11:25 | 12 | THE COURT:  Mr. Elhuzayel -- I'm sorry.                     |
|       | 13 | Mr. Lengyel-Leahu?                                          |
| 11:25 | 14 | MR. LENGYEL-LEAHU:  To make sure that we're                 |
|       | 15 | looking at the same thing, you -- you were talking about -- |
| 11:25 | 16 | THE COURT:  *(Reading:)*                                    |
| 11:25 | 17 | *"A defendant in a criminal case has a*                     |
|       | 18 | *constitutional right not to testify.*                      |
|       | 19 | *You may not draw any inference of any*                     |
|       | 20 | *kind from the fact in that defendants*                     |
|       | 21 | *did not testify."*                                         |
| 11:25 | 22 | MR. LENGYEL-LEAHU:  Yeah.  That's fine the way              |
|       | 23 | it's written.                                               |
| 11:25 | 24 | THE COURT:  Okay.  I won't include specific names.          |
| 11:25 | 25 | MR. LENGYEL-LEAHU:  And we're gonna pull the                |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | following one, which says, "*defendant has testified*."      |
| 11:25 | 2  | THE COURT:  That correct.                                    |
| 11:26 | 3  | MS. CORRIGAN:  Yes.                                           |
| 11:26 | 4  | THE COURT:  Is that acceptable?                              |
| 11:26 | 5  | MS. CORRIGAN:  Yes.                                           |
| 11:26 | 6  | MR. LENGYEL-LEAHU:  Yes, sir.                                 |
| 11:26 | 7  | THE COURT:  We've gone up to the material support            |
|       | 8  | instructions and the instructions that follow.               |
| 11:26 | 9  | So I'd like to take up the remainder of the                  |
|       | 10 | instructions.  And I think that the eventual decision        |
|       | 11 | concerning the present "material support" instruction        |
|       | 12 | depends upon whether the Court is going to add to the        |
|       | 13 | instructions, as submitted by Defendant Elhuzayel.           |
| 11:26 | 14 | And the first proposed additional jury instruction           |
|       | 15 | states, quote,                                               |
| 11:26 | 16 | "*To prove the Islamic State is a foreign*                   |
|       | 17 | *terrorist organization, the government*                     |
|       | 18 | *must prove beyond a reasonable doubt*                       |
|       | 19 | *that the Secretary of State designated*                     |
|       | 20 | *the Islamic State as a foreign terrorist*                   |
|       | 21 | *organization.*                                              |
| 11:26 | 22 | "*Secondly, the government must also*                        |
|       | 23 | *prove beyond a reasonable doubt that the*                   |
|       | 24 | *Islamic State was published as a foreign*                  |
|       | 25 | *terrorist organization in the Federal*                     |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | *Register prior to the defendant's*                          |
|       | 2  | *arrest."*                                                    |
| 11:27 | 3  | Mr. Lengyel-Leahu, your argument, please.                    |
| 11:27 | 4  | MR. LENGYEL-LEAHU:  Yes, sir.                                 |
| 11:27 | 5  | **ARGUMENT BY MR. LENGYEL-LEAHU**                            |
| 11:27 | 6  | MR. LENGYEL-LEAHU:  I think that is a correct                 |
|       | 7  | statement of the law, and it should be included to avoid the |
|       | 8  | jury being confused.  They're gonna have to make a finding   |
|       | 9  | of fact at some point as to whether or not either of these   |
|       | 10 | defendants were involved in attempting to join the group     |
|       | 11 | formally known as ISIS and ISIL, or if they were attempting  |
|       | 12 | to join the caliphate, which has been formally declared as   |
|       | 13 | the Islamic State, which is how they refer to themselves.    |
| 11:27 | 14 | THE COURT:  Okay.                                             |
| 11:27 | 15 | Counsel, are you joining in all the motions --               |
|       | 16 | unless you indicate that you're not -- or are you not        |
|       | 17 | joining in?  Ms. Corrigan?                                    |
| 11:27 | 18 | MS. CORRIGAN:  I'm not taking a position on this             |
|       | 19 | one, Your Honor.                                              |
| 11:27 | 20 | THE COURT:  You're not taking a position.  Okay.             |
| 11:27 | 21 | Counsel on behalf of the government.                          |
| 11:27 | 22 | **ARGUMENT BY MS. HEINZ**                                    |
| 11:27 | 23 | MS. HEINZ:  Your Honor, the government opposes               |
|       | 24 | this instruction because it improperly suggests that the     |
|       | 25 | Islamic State needs to be designated as a foreign terrorist  |

| | | |
|---|---|---|
| | 1 | organization at the time of the criminal conduct.  And |
| | 2 | that's just not true. |
| 11:28 | 3 | The defendants are charged with providing material |
| | 4 | support to ISIS, ISIL, aka the Islamic State.  The Islamic |
| | 5 | State's an aka, just an alias, for the organization, which |
| | 6 | is designated, and this is -- this is -- it's just improper. |
| 11:28 | 7 | THE COURT:  All right. |
| 11:28 | 8 | MS. HEINZ:  A wrong -- wrong, um -- doesn't set |
| | 9 | forth the correct law. |
| 11:28 | 10 | The government did propose a supplemental proposed |
| | 11 | jury instruction, that it does address -- |
| 11:28 | 12 | THE COURT:  And that's in the present packet? |
| 11:29 | 13 | MS. HEINZ:  That's in a supplemental, um -- |
| | 14 | supplemental instructions that we filed.  I can approach and |
| | 15 | provide them to you, Your Honor. |
| 11:29 | 16 | THE COURT:  If I can see that for just a moment. |
| 11:29 | 17 | *(Document provided to the Court.)* |
| 11:29 | 18 | THE COURT:  When was this filed? |
| 11:29 | 19 | MS. HEINZ:  Last night, Your Honor. |
| 11:29 | 20 | THE COURT:  Oh, that's why I haven't seen it. |
| 11:29 | 21 | MS. CORRIGAN:  It's docketed at 155. |
| 11:29 | 22 | THE COURT:  Thank you very much.  I hadn't seen |
| | 23 | that.  I have that now, Counsel. |
| 11:29 | 24 | Well, this hasn't been considered by the Court |
| | 25 | so -- and, Counsel, you haven't read it yet -- so, instead |

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 13 of 50   Page ID #:5023
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

13

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
|       | 1  | of a snap decision, I need to absorb that and look at the,               |
|       | 2  | uh...                                                                     |
| 11:29 | 3  | Then, concerning Proposed Instruction No. 2, this                        |
|       | 4  | is the Second Proposed Additional Instruction, which                     |
|       | 5  | provides a definition of *ex post facto* laws.                           |
| 11:29 | 6  | Mr. Lengyel-Leahu.                                                        |
| 11:29 | 7  | MR. LENGYEL-LEAHU:  Yes, Your Honor.                                      |
| 11:29 | 8  | **ARGUMENT BY MR. LENGYEL-LEAHU**                                         |
| 11:29 | 9  | MR. LENGYEL-LEAHU:  The term "*ex post facto* law"                       |
|       | 10 | has been addressed to the jury.  I believe this instruction              |
|       | 11 | properly identifies the law in that area and is appropriate              |
|       | 12 | to at least assist the jury in coming to a correct                       |
|       | 13 | conclusion.                                                              |
| 11:30 | 14 | THE COURT:  Okay.                                                         |
| 11:30 | 15 | Government?                                                               |
| 11:30 | 16 | MS. CORRIGAN:  Your Honor --                                             |
| 11:30 | 17 | THE COURT:  I'm sorry.  Ms. -- I want to check.                          |
| 11:30 | 18 | Ms. Corrigan?                                                            |
| 11:30 | 19 | MS. CORRIGAN:  I'm not taking a position on this,                        |
|       | 20 | Your Honor.                                                               |
| 11:30 | 21 | THE COURT:  Government?                                                   |
| 11:30 | 22 | MS. HEINZ:  Yes, Your Honor.                                             |
| 11:30 | 23 | **ARGUMENT BY MS. HEINZ**                                                 |
| 11:30 | 24 | MS. HEINZ:  The government opposes this jury                             |
|       | 25 | instruction.  There is no *ex post facto* issue here.  The              |

|        |    |                                                              |
|--------|----|--------------------------------------------------------------|
|        |  1 | government does not need to prove beyond a reasonable doubt   |
|        |  2 | that the Islamic State was designated as a foreign terrorist |
|        |  3 | organization -- for the same basic reasons that I argued     |
|        |  4 | before with respect to Government's Exhibit 1.               |
| 11:30  |  5 | THE COURT:  Proposed Jury Instruction No. 3 is an            |
|        |  6 | additional jury instruction that states that "*mere*         |
|        |  7 | *association or membership does not constitute support*."    |
| 11:30  |  8 | Mr. Lengyel-Leahu.                                           |
| 11:30  |  9 | **ARGUMENT BY MR. LENGYEL-LEAHU**                            |
| 11:30  | 10 | MR. LENGYEL-LEAHU:  Again, we believe this is an            |
|        | 11 | accurate statement of the law as interpreted by *Holder v.* |
|        | 12 | *Humanitarian Law Project.*                                  |
| 11:31  | 13 | I think it would be difficult for the jury to               |
|        | 14 | separate the fact out of membership -- of advocacy of what   |
|        | 15 | we term cheerleading.  All of those are constitutionally     |
|        | 16 | protected.  And none of those acts -- even -- even swearing  |
|        | 17 | *bay'ah* -- all of those acts are protected under the First  |
|        | 18 | Amendment.  And the jury should separate out those acts,     |
|        | 19 | those pieces of evidence from the fact that what the         |
|        | 20 | government's attempting to prove is travel as a predicate    |
|        | 21 | act to material support.                                     |
| 11:31  | 22 | And I think the jury wouldn't understand that               |
|        | 23 | completely because of the way the government has presented   |
|        | 24 | the case about the terrorism issue.  That only comes in on   |
|        | 25 | the element of "knowingly."  But the mere acceptance or      |

|       |    |                                                                            |
|-------|----|----------------------------------------------------------------------------|
|       | 1  | *bay'ah* or support, retweeting, or writing their own                      |
|       | 2  | statements in to support -- even if they tweet that they                   |
|       | 3  | don't -- they oppose the United States, they don't like                    |
|       | 4  | their -- this country, and they agree with certain acts that               |
|       | 5  | are going on over there -- all of that is protected speech.                 |
|       | 6  | And none of that is illegal.                                               |
| 11:32 | 7  | THE COURT:  Government -- I'm sorry.                                        |
| 11:32 | 8  | Ms. Corrigan?                                                              |
| 11:32 | 9  | MS. CORRIGAN:  I'm taking no position, Your Honor.                         |
| 11:32 | 10 | THE COURT:  Government?                                                    |
| 11:32 | 11 | **ARGUMENT BY MS. HEINZ**                                                  |
| 11:32 | 12 | MS. HEINZ:  Government opposes this instruction.                           |
| 11:32 | 13 | Parts of this instruction are already covered in                          |
|       | 14 | the packet that we have agreed upon.  The instructions in                  |
|       | 15 | the packet clearly state that -- what is required to provide               |
|       | 16 | material support to the designated foreign terrorist                       |
|       | 17 | organization.                                                              |
| 11:32 | 18 | In particular, what we've already agreed upon sets                         |
|       | 19 | forth the statutory definition of what is required for a                   |
|       | 20 | conviction under 2339B.  Under the "personnel" prong, the                  |
|       | 21 | instructions that we've agreed upon specifically say that                  |
|       | 22 | the person must be acting under the direction and control of               |
|       | 23 | the organization and that independent action is not -- is                  |
|       | 24 | not included in the definition of "personnel."                             |
| 11:33 | 25 | The sentence "*protected association under the*                            |

|       |    |                                                                         |
|-------|----|-------------------------------------------------------------------------|
|       | 1  | *First Amendment, includes vigorous promoting and support of*           |
|       | 2  | *the Islamic State's activities and or ideologies, even if*             |
|       | 3  | *the defendant's support benefits the Islamic State*" does             |
|       | 4  | not -- does not truly accurately set forth the state of the            |
|       | 5  | law.                                                                    |
| 11:33 | 6  | If the defendants want a First Amendment                                |
|       | 7  | instruction specifically for the First Amendment, the                  |
|       | 8  | government does have one that it would -- it would agree to;           |
|       | 9  | although the government's position is, is that First                   |
|       | 10 | Amendment instruction is really not necessary here.  But               |
|       | 11 | there is -- it approaches -- this -- the reason that the                |
|       | 12 | sentence is incorrect is because, you know, if there is                |
|       | 13 | advocacy promoting or, for example, re-disseminating Islamic            |
|       | 14 | State propaganda in some ways, or re-disseminating things on            |
|       | 15 | behalf of the Islamic State, then that can be material                  |
|       | 16 | support, so -- and here, as well, Your Honor, the defendants            |
|       | 17 | are not charged with doing that.  That conduct is coming in             |
|       | 18 | for -- to show their intent, but I -- this sentence does not            |
|       | 19 | really set forth what the law is.                                       |
| 11:34 | 20 | MR. LENGYEL-LEAHU:  May I respond, Your Honor?                          |
| 11:34 | 21 | THE COURT:  Certainly.                                                  |
| 11:34 | 22 | MR. LENGYEL-LEAHU:  The language from *Holder*,                         |
|       | 23 | which we included on our proposed instruction, specifically            |
|       | 24 | says:                                                                   |
| 11:34 | 25 | "*The statute does not prohibit being a*                               |

|       |    |                                                      |
|-------|----|------------------------------------------------------|
|       | 1  | *member of one of the designated*                   |
|       | 2  | *groups"* --                                         |
| 11:34 | 3  | Meaning the foreign terrorist organizations.        |
| 11:34 | 4  | "-- *or vigorously promoting and*                   |
|       | 5  | *supporting the political goals of the*             |
|       | 6  | *group."*                                            |
| 11:34 | 7  | That's direct language from the Supreme Court.  So  |
|       | 8  | that is the state of the law.  And the jury should be made |
|       | 9  | aware of that 'cause, otherwise, I think they would be |
|       | 10 | confused.                                            |
| 11:35 | 11 | THE COURT:  Counsel, anything further?              |
| 11:35 | 12 | MS. HEINZ:  Nothing further, Your Honor.            |
| 11:35 | 13 | THE COURT:  I think we should also clear up, in     |
|       | 14 | light of this last argument, that there are a series of |
|       | 15 | instructions that counsel jointly are stipulating to, but |
|       | 16 | this is an additional instruction requested by the defense. |
| 11:35 | 17 | So let me turn to where we left off yesterday,      |
|       | 18 | just for a moment, because I can see that the record might |
|       | 19 | be confusing -- because Counsel referred to a group of |
|       | 20 | instructions that we stipulated to.                 |
| 11:35 | 21 | The first instruction that you represented that     |
|       | 22 | were joint instructions that you were stipulating to starts |
|       | 23 | with:                                                |
| 11:35 | 24 | "*Each defendant is charged in Count One*           |
|       | 25 | *of the Indictment with a conspiracy to*            |

| | | |
|---|---|---|
| | 1 | *provide material support."* |
| 11:35 | 2 | That instruction is three-and-a-half pages in |
| | 3 | length approximately.  That was initially stipulated to by |
| | 4 | the government; is that correct? |
| 11:36 | 5 | MS. HEINZ:  Yes, Your Honor, that's correct. |
| 11:36 | 6 | THE COURT:  And your objection is to the |
| | 7 | additional instructions being requested; is that correct? |
| 11:36 | 8 | MS. HEINZ:  That's correct, Your Honor. |
| 11:36 | 9 | THE COURT:  Mr. Lengyel-Leahu, is this instruction |
| | 10 | stipulated to by you, so I have a clear record, and that |
| | 11 | you're requesting additional instructions that pertain in |
| | 12 | this area? |
| 11:36 | 13 | MR. LENGYEL-LEAHU:  That's exactly right, |
| | 14 | Your Honor. |
| 11:36 | 15 | THE COURT:  All right. |
| 11:36 | 16 | Ms. Corrigan? |
| 11:36 | 17 | MS. CORRIGAN:  Yes. |
| 11:36 | 18 | THE COURT:  All right.  So this is stipulated to. |
| 11:36 | 19 | The next instruction was, |
| 11:36 | 20 | *"A conspiracy may continue for a long* |
| | 21 | *period of time and may include the* |
| | 22 | *performance of many transactions."* |
| 11:36 | 23 | And I'm just reading the first line.  There were |
| | 24 | subheadings that were submitted to the Court -- well, strike |
| | 25 | that.  These instructions come with subheadings.  If you |

|       |    |                                                                   |
|-------|----|-------------------------------------------------------------------|
|       | 1  | want to have those included, you're more than welcome to.         |
|       | 2  | You two can discuss that.                                         |
| 11:37 | 3  | I was just taking out "proposed" jury instruction                 |
|       | 4  | number.  But if you look at these, they'll have like              |
|       | 5  | "conspiracy" or "attempt."  I leave that to each of you.           |
| 11:37 | 6  | But was this stipulated to by the government?                      |
| 11:37 | 7  | MS. HEINZ:  Yes, Your Honor.                                       |
| 11:37 | 8  | THE COURT:  And Mr. Lengyel-Leahu?                                 |
| 11:37 | 9  | MR. LENGYEL-LEAHU:  Yes, Your Honor.                               |
| 11:37 | 10 | THE COURT:  Ms. Corrigan?                                          |
| 11:37 | 11 | MS. CORRIGAN:  Yes, Your Honor.                                    |
| 11:37 | 12 | THE COURT:  The next instruction was,                             |
| 11:37 | 13 | "*Defendant Nader Salem Elhuzayel is*                             |
|       | 14 | *charged in Count Two of the Indictment*                          |
|       | 15 | *with attempting to provide material*                             |
|       | 16 | *support and resources.*"                                         |
| 11:37 | 17 | Is this stipulated to by the government?                           |
| 11:37 | 18 | MS. HEINZ:  Yes, Your Honor.                                       |
| 11:37 | 19 | THE COURT:  And your understanding of this process                |
|       | 20 | is that Mr. Lengyel-Leahu's requesting additional                 |
|       | 21 | instructions which he believes are at least more                  |
|       | 22 | appropriate, better define the law, or may even add a             |
|       | 23 | missing element.                                                  |
| 11:37 | 24 | MS. HEINZ:  That -- my understanding is, yes, he                  |
|       | 25 | is proposing additional instructions.                            |

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 20 of 50   Page ID #:5030
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

20

| | | |
|---|---|---|
| 11:37 | 1 | THE COURT:  Let's get through the ones that you |
| | 2 | allegedly have agreed to, so I have a clear record. |
| 11:38 | 3 | Are you stipulating to this instruction, with the |
| | 4 | understanding there are additional instructions that you're |
| | 5 | submitting on this issue? |
| 11:38 | 6 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:38 | 7 | THE COURT:  Ms. Corrigan? |
| 11:38 | 8 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:38 | 9 | THE COURT:  Then the next instruction is, |
| 11:38 | 10 | "*Defendant Muhanad Elfatih M.A. Badawi* |
| | 11 | *is charged in Count Three of the* |
| | 12 | *Indictment with aiding and abetting an* |
| | 13 | *attempt to provide material support or* |
| | 14 | *resources*," et cetera. |
| 11:38 | 15 | Is this -- is it stipulated to by the government? |
| | 16 | It's two pages. |
| 11:38 | 17 | MS. HEINZ:  Yes, Your Honor. |
| 11:38 | 18 | THE COURT:  By Mr. Lengyel-Leahu? |
| 11:38 | 19 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:38 | 20 | THE COURT:  And by Ms. Corrigan? |
| 11:38 | 21 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:38 | 22 | And, just for the record, the previous |
| | 23 | instruction, although I agree with it, it doesn't pertain to |
| | 24 | my client. |
| 11:38 | 25 | THE COURT:  And the next instruction is, |

| | | |
|---|---|---|
| 11:38 | 1 | *"As I have instructed you, Defendant* |
| | 2 | *Nader Salem Elhuzayel is charged with* |
| | 3 | *attempting to provide material support* |
| | 4 | *and resources to a foreign terrorist* |
| | 5 | *organization."* |
| 11:38 | 6 | And it goes on for four elements, obviously, that |
| | 7 | are set forth. |
| 11:39 | 8 | Is the government stipulating to that instruction? |
| 11:39 | 9 | MS. HEINZ:  Yes, Your Honor. |
| 11:39 | 10 | THE COURT:  And Mr. Lengyel-Leahu, are you |
| | 11 | submitting -- or stipulating to this instruction? |
| 11:39 | 12 | MR. LENGYEL-LEAHU:  Stipulating with the addition |
| | 13 | of our language regarding "substantial step." |
| 11:39 | 14 | THE COURT:  And I should add that on each |
| | 15 | occasion:  This is subject to additional language. |
| 11:39 | 16 | MR. LENGYEL-LEAHU:  Yes, sir. |
| 11:39 | 17 | THE COURT:  But as far as the instruction reads |
| | 18 | right now, you're stipulating at least to this instruction |
| | 19 | in its present form, subject to additional instructions? |
| 11:39 | 20 | MR. LENGYEL-LEAHU:  Yes, sir. |
| 11:39 | 21 | THE COURT:  Okay. |
| 11:39 | 22 | Ms. Corrigan? |
| 11:39 | 23 | MS. CORRIGAN:  I'm fine with this instruction, |
| | 24 | Your Honor. |
| 11:39 | 25 | THE COURT:  All right.  And I know it doesn't |

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 22 of 50   Page ID #:5032
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

22

|       |    |                                                          |
|-------|----|----------------------------------------------------------|
|       | 1  | pertain to your client.                                  |
| 11:39 | 2  | MS. CORRIGAN:  This one does.                            |
| 11:39 | 3  | MS. HEINZ:  No, Your Honor, this one --                  |
| 11:39 | 4  | MS. CORRIGAN:  It has both.  My client is               |
|       | 5  | mentioned at line 5.                                     |
| 11:39 | 6  | THE COURT:  Oh, my apologies.  It does.                 |
| 11:39 | 7  | MS. HEINZ:  And just to clarify, this particular        |
|       | 8  | instruction, just for clarity, sets forth the elements of -- |
|       | 9  | not attempt and not aiding and abetting, but the actual |
|       | 10 | offense of providing material support and resources to a |
|       | 11 | foreign terrorist organization.                          |
| 11:40 | 12 | THE COURT:  I just misspoke.  It obviously              |
|       | 13 | pertains to both defendants.                             |
| 11:40 | 14 | Concerning Counts Four through Twenty-nine --           |
|       | 15 | although they don't involve Mr. Corrigan's clients -- or |
|       | 16 | client -- it reads,                                      |
| 11:40 | 17 | *"Defendant Nader Salem Elhuzayel is*                   |
|       | 18 | *charged in Counts Four through*                        |
|       | 19 | *Twenty-nine of the Indictment with bank*               |
|       | 20 | *fraud."*                                               |
| 11:40 | 21 | And then it goes on to delineate this allegation        |
|       | 22 | in a page and quarter.                                   |
| 11:40 | 23 | Is this stipulated to by the government?                |
| 11:40 | 24 | MS. HEINZ:  Yes.                                         |
| 11:40 | 25 | THE COURT:  And by Mr. Lengyel-Leahu?                    |

| | | |
|---|---|---|
| 11:40 | 1 | MR. LENGYEL-LEAHU:  Yes, sir. |
| 11:40 | 2 | THE COURT:  And, Ms. Corrigan, this doesn't |
| | 3 | pertain to you. |
| 11:40 | 4 | MS. CORRIGAN:  Correct. |
| 11:40 | 5 | THE COURT:  The next charge does, though.  It's in |
| | 6 | Count Thirty.  And it states, |
| 11:40 | 7 | "*Defendant Muhanad Elfatih M.A. Badawi* |
| | 8 | *is charged in Count Thirty of the* |
| | 9 | *Indictment with financial aid fraud,*" |
| | 10 | et cetera. |
| 11:40 | 11 | It's a one-page instruction. |
| 11:41 | 12 | Is the government stipulating to this? |
| 11:41 | 13 | MS. HEINZ:  Yes, Your Honor. |
| 11:41 | 14 | THE COURT:  Ms. Corrigan? |
| 11:41 | 15 | MS. CORRIGAN:  I am. |
| 11:41 | 16 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:41 | 17 | MR. LENGYEL-LEAHU:  It doesn't apply -- doesn't |
| | 18 | apply, but we'll stipulate. |
| 11:41 | 19 | THE COURT:  Then we have the concluding |
| | 20 | instructions.  And I'll simply begin with: |
| 11:41 | 21 | "*When you begin your deliberations,* |
| | 22 | *elect one member of the jury as your* |
| | 23 | *presiding juror or foreperson.*" |
| 11:41 | 24 | Is the government stipulating? |
| 11:41 | 25 | MS. HEINZ:  Yes, Your Honor. |

| | | |
|---|---|---|
| 11:41 | 1 | THE COURT:  Ms. Corrigan? |
| 11:41 | 2 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:41 | 3 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:41 | 4 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:41 | 5 | THE COURT:  The next instruction: |
| 11:41 | 6 | *"Because you must base your verdict only* |
| | 7 | *on the evidence received in the case and* |
| | 8 | *on these instructions, I remind you,"* |
| 11:41 | 9 | Et cetera. |
| 11:41 | 10 | Government, stipulating? |
| 11:41 | 11 | MS. HEINZ:  Yes, Your Honor. |
| 11:41 | 12 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:41 | 13 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:41 | 14 | THE COURT:  Ms. Corrigan? |
| 11:41 | 15 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:41 | 16 | THE COURT:  That's a page and a quarter in length. |
| 11:41 | 17 | The next is, |
| 11:41 | 18 | *"Some of you have taken notes during the* |
| | 19 | *trial."* |
| 11:41 | 20 | Is the government stipulating? |
| 11:41 | 21 | MS. HEINZ:  Yes, Your Honor. |
| 11:41 | 22 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:41 | 23 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:41 | 24 | THE COURT:  Ms. Corrigan? |
| 11:41 | 25 | MS. CORRIGAN:  Yes, Your Honor. |

| 11:41 | 1 | THE COURT:  *(Reading:)* |
| 11:41 | 2 | *"Punishment provided by law for the* |
| | 3 | *crimes alleged in the Indictment is for* |
| | 4 | *the Court to decide.* |
| 11:41 | 5 | Remember, I'm just reading each topic sentence, or |
| | 6 | the first sentence. |
| 11:41 | 7 | Stipulated to by the government? |
| 11:41 | 8 | MS. HEINZ:  Yes. |
| 11:42 | 9 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:42 | 10 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:42 | 11 | THE COURT:  And, Ms. Corrigan? |
| 11:42 | 12 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:42 | 13 | THE COURT:  *(Reading:)* |
| 11:42 | 14 | *"A verdict form's been prepared for* |
| | 15 | *you."* |
| 11:42 | 16 | Stipulated to by the government? |
| 11:42 | 17 | MS. HEINZ:  Yes, Your Honor. |
| 11:42 | 18 | THE COURT:  Mr. Lengyel-Leahu? |
| 11:42 | 19 | MR. LENGYEL-LEAHU:  Yes, Your Honor. |
| 11:42 | 20 | THE COURT:  The government *(sic)*. |
| 11:42 | 21 | MS. CORRIGAN:  Yes, Your Honor. |
| 11:42 | 22 | THE COURT:  *(Reading:)* |
| 11:42 | 23 | *"If it becomes necessary during your* |
| | 24 | *deliberations to communicate with me,* |
| | 25 | *you may send a note through the clerk* |

|       |    |                                                             |
|-------|----|-------------------------------------------------------------|
|       | 1  | *and/or bailiff."*                                          |
| 11:42 | 2  | Stipulated to by the government?                            |
| 11:42 | 3  | MS. HEINZ:  Yes, Your Honor.                                 |
| 11:42 | 4  | THE COURT:  And by the -- Mr. Lengyel-Leahu?                 |
| 11:42 | 5  | MR. LENGYEL-LEAHU:  Yes, sir.                                |
| 11:42 | 6  | THE COURT:  And by Ms. Corrigan?                             |
| 11:42 | 7  | MS. CORRIGAN:  Yes, Your Honor.                              |
| 11:42 | 8  | May we go back to the last -- the one before this           |
|       | 9  | regarding the verdict form?                                 |
| 11:42 | 10 | The Court identified me as the "government" and so          |
|       | 11 | I just would like to indicate for the record that I am      |
|       | 12 | stipulating to that one, which is the one that starts with  |
|       | 13 | "*a verdict form has been prepared for you.*"               |
| 11:42 | 14 | THE COURT:  Did I skip that?                                 |
| 11:42 | 15 | MS. CORRIGAN:  No.  But the Court said,                      |
|       | 16 | "government," "defense counsel," and then "government"      |
|       | 17 | again --                                                     |
| 11:42 | 18 | THE COURT:  My apologies.                                    |
| 11:42 | 19 | MS. CORRIGAN:  -- so I want the record to be clear          |
|       | 20 | that I'm not with the government.                            |
| 11:42 | 21 | THE COURT:  All right.  Thank you.                           |
| 11:42 | 22 | Ms. Corrigan, you certainly aren't.  It will be             |
|       | 23 | stipulated to.  Thank you for catching that.                |
| 11:43 | 24 | Now, that then covers the agreed-upon instructions          |
|       | 25 | and the debate really over -- is over additional            |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | instructions or are instructions that better define, or add, |
|       | 2  | or clarify.                                                   |
| 11:43 | 3  | I wasn't aware of this supplemental.  I apologize.            |
|       | 4  | I need to take a recess.  I need to look at it.  I think      |
|       | 5  | this would be a good time for lunch, then, because we're      |
|       | 6  | returning anyway concerning the remaining items.             |
| 11:43 | 7  | You tell me the time that's convenient for you.  I           |
|       | 8  | just don't want to assemble and have you sitting here.  It   |
|       | 9  | can be 1:30.  It can be 1:00 o'clock.  It can be midnight.   |
|       | 10 | Doesn't matter.                                              |
| 11:43 | 11 | So you know how long it's taking to withdraw the             |
|       | 12 | three exhibits out of the -- and how long it takes to        |
|       | 13 | duplicate the disc.                                          |
| 11:43 | 14 | MS. HEINZ:  1:00 o'clock.                                    |
| 11:43 | 15 | THE COURT:  By the way, I think if you look in the           |
|       | 16 | luggage, you might find the disc.                            |
| 11:43 | 17 | MS. HEINZ:  1:00 o'clock would be fine for the               |
|       | 18 | government.                                                  |
| 11:43 | 19 | THE COURT:  What do you think, Ms. Corrigan?                 |
| 11:43 | 20 | MS. CORRIGAN:  1:00's fine.                                  |
| 11:43 | 21 | MR. LENGYEL-LEAHU:  1:00 would be great.                     |
| 11:43 | 22 | THE COURT:  Well, I think it gives me enough time            |
|       | 23 | also to look at the supplemental and to hand down decisions, |
|       | 24 | hopefully, because we've done a lot of preparation last      |
|       | 25 | night and today anticipating this.                           |

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 28 of 50   Page ID #:5038
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

28

| | | |
|---|---|---|
| 11:44 | 1 | So let me look at the supplemental for just a |
| | 2 | moment.  Well, thank you. |
| 11:44 | 3 | We'll see you at 1:00 o'clock. |
| 11:44 | 4 | MS. HEINZ:  Thank you, Your Honor. |
| 11:44 | 5 | MS. CORRIGAN:  Thank you, Your Honor. |
| 11:44 | 6 | *(Lunch recess held at 11:44 a.m.)* |
| 01:25 | 7 | *(Proceedings resumed at 1:25 p.m.)* |
| 01:25 | 8 | *(Outside the presence of the jury.)* |
| 01:25 | 9 | THE COURT:  We're on the record.  All counsel are |
| | 10 | present.  The defendants are present.  The jury and |
| | 11 | alternates, of course, are not present. |
| 01:25 | 12 | We've been checking the docket forms also.  We |
| | 13 | don't see the verdict forms. |
| 01:25 | 14 | MS. CORRIGAN:  I don't think they've been filed. |
| 01:25 | 15 | Have they been filed? |
| 01:25 | 16 | MS. HEINZ:  They've not been filed, Your Honor. |
| 01:25 | 17 | THE COURT:  Do we need verdict forms? |
| 01:25 | 18 | We need verdict forms, don't we? |
| 01:25 | 19 | MS. HEINZ:  Yes, Your Honor, we do. |
| 01:25 | 20 | THE COURT:  Okay.  We need to look at those also. |
| 01:26 | 21 | Do we have copies of them with us, or do you need |
| | 22 | to type those? |
| 01:26 | 23 | MS. HEINZ:  We need to prepare those, Your Honor. |
| 01:26 | 24 | THE COURT:  Okay.  So let's make the rulings now, |
| | 25 | and then maybe an hour or so come on back and resolve that. |

8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

29

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
| 01:26 | 1  | **FURTHER DISCUSSION RE EXHIBITS**                           |
| 01:26 | 2  | THE COURT:  I want to go back over the record,               |
|       | 3  | though, concerning the exhibits and find out where we stand, |
|       | 4  | and if we can resolve any issues.                            |
| 01:26 | 5  | MS. HEINZ:  There are no issues with the exhibits.           |
|       | 6  | They are ready and complete.                                 |
| 01:26 | 7  | THE COURT:  So you're ready to sign the                      |
|       | 8  | certification?                                               |
| 01:26 | 9  | MS. HEINZ:  The government is, Your Honor.                   |
| 01:26 | 10 | THE COURT:  All right.                                       |
| 01:26 | 11 | Ms. Corrigan?                                                |
| 01:26 | 12 | MS. CORRIGAN:  Thank you, Your Honor.  I am also.            |
| 01:26 | 13 | And just so that the record's clear from this                |
|       | 14 | morning, when I'd indicated that those three exhibits --     |
|       | 15 | already been pulled out -- those had been pulled out by      |
|       | 16 | Ms. Eliot earlier.  She'd shown them to me; but, apparently, |
|       | 17 | Ms. Heinz wasn't aware of that at the time.  So that's why,  |
|       | 18 | if there appeared to be a little confusion that's -- it's    |
|       | 19 | just that I had perhaps a little bit more information from    |
|       | 20 | her.  So I wanna make it clear for the record that those     |
|       | 21 | items at that point had already been pulled out.             |
| 01:27 | 22 | And at this point, yes, I have reviewed what I --            |
|       | 23 | uh, the entire record of the exhibits, and I am satisfied.   |
|       | 24 | I am prepared to sign off on the exhibit list.               |
| 01:27 | 25 | THE COURT:  Okay.                                            |

01:27  1          Mr. Lengyel-Leahu?

01:27  2          MR. LENGYEL-LEAHU:  Also, Your Honor, I've also

3  reviewed all the exhibits and am prepared to sign the

4  certification.

01:27  5          THE COURT:  *(To the clerk:)* Then, Debbie, will you

6  give them that.

01:27  7          THE CLERK:  I'm almost done with it.

01:27  8          THE COURT:  Well, we'll wait because it's going to

9  be signed in my presence.  Okay?

01:27  10         **FURTHER DISCUSSION RE JURY INSTRUCTIONS**

01:27  11         THE COURT:  Then, concerning the rulings, is there

12  anything further that any counsel would like to state

13  concerning these proposed additional instructions?

01:27  14         Counsel on behalf of the government?

01:27  15         MS. HEINZ:  Nothing, Your Honor.

01:27  16         THE COURT:  Mr. Lengyel-Leahu?

01:27  17         **FURTHER ARGUMENT BY MR. LENGYEL-LEAHU**

01:27  18         MR. LENGYEL-LEAHU:  I have the chance -- I've had

19  a chance to read the governmental, uh -- supplemental

20  proposed instruction.  And we would vigorously oppose such

21  an instruction.

01:27  22         I believe the government has cited and used as

23  their authority a footnote from the District Court in

24  New York concerning an issue involving a civil action.  The

25  facts of that case have absolutely no interest or bearing on

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 31 of 50   Page ID #:5041
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

31

1    what we're talking about here.  And it's all *dicta* and not

2    relevant to the actual decision.  And it really is in

3    apposite because the facts of that case involve not an

4    organization changing its name or changing its allegiance,

5    but setting up a straw man.

01:28    6    Uh, I don't know if the Court has *(verbatim)* a

7    chance to read the case; but, briefly, there was a terrorist

8    act committed by the Hamas group inside of Israel.  Hamas

9    took credit for it and posted evidence they were actually

10   actively involved in a suicide bomber.

01:28   11   The surviver from one of the decedents sued the

12   bank, USB, because, apparently, USB thought it a good idea

13   to act as a financial conduit for an organization that was

14   set up to funnel, uh, funds to the Hamas group.  Hamas has

15   been on the foreign terrorist organization list almost since

16   the beginning of the foreign terrorist organization list.

17   But this other group was a conduit, a straw man, or an

18   agency identified by Israeli intelligence, but never added

19   to the list.

01:29   20   And what the court was addressing is that agency,

21   that that particular organization was acting on behalf of a

22   foreign terrorist organization.  I don't think the cases

23   apply.  I don't think they're even close to the situation

24   we're talking about here.

01:29   25   And I -- we vigorously oppose the government's

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 32 of 50   Page ID #:5042
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

32

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | proposed instruction and urge the Court to allow the five    |
|       | 2  | additional instructions that we've requested.                |
| 01:29 | 3  | THE COURT:  Okay.                                             |
| 01:29 | 4  | Counsel on behalf of the government?                          |
| 01:29 | 5  | MS. HEINZ:  Yes, Your Honor.                                  |
| 01:29 | 6  | **FURTHER ARGUMENT BY MS. HEINZ**                             |
| 01:29 | 7  | MS. HEINZ:  The government cited that case for the            |
|       | 8  | principle of "agency," which we think would apply.  But we    |
|       | 9  | also rely on *National Council of Resistance of Iran v.*      |
|       | 10 | *Department of State*.  And there are two decisions there, one |
|       | 11 | right after the other.  And, in both of those, the courts     |
|       | 12 | said that it simply makes no sense to, um -- for Congress to  |
|       | 13 | allow the Secretary of State to designate an organization    |
|       | 14 | just -- and then just to have that organization then, the    |
|       | 15 | next day, change its name to avoid the designation.          |
| 01:30 | 16 | And so the DC Circuit, in both those cases,                   |
|       | 17 | including then Chief Judge Roberts -- now Chief Justice       |
|       | 18 | Roberts -- said, um -- said basically that:                   |
| 01:30 | 19 | Said, "*just as it's silly to suppose*                        |
|       | 20 | *that Congress empowered the Secretary to*                    |
|       | 21 | *designate a terrorist organization only*                     |
|       | 22 | *for such periods of time as it took such*                    |
|       | 23 | *organization to give itself a new name,*                     |
|       | 24 | *and then let it happily resume the same*                     |
|       | 25 | *status it would've enjoyed had it never*                     |

1           *been designated, so too it is*

2           *implausible to think that Congress*

3           *permitted the Secretary to designate and*

4           *FTO to cut off its support in and from*

5           *the United States, but did not authorize*

6           *the Secretary to prevent that FTO from*

7           *marshaling all the same support via*

8           *juridically separate agents subject to*

9           *its control.*"

01:31   10           Now, that was a bit -- that was also an agency

11      case.  Here we have actually a much closer connection.  We

12      actually have the same organization, which has just chosen

13      to adopt an alias, and -- and so it -- the instructions that

14      Counsel for Defendant Elhuzayel propose just make no sense

15      and are not the law.

01:31   16           THE COURT:  Okay.

01:31   17           **FURTHER ARGUMENT BY MR. LENGYEL-LEAHU**

01:31   18           MR. LENGYEL-LEAHU:  I think they're citing to

19      another civil case, Your Honor.  And I think even the

20      government'd agree that the standards under civil law versus

21      criminal law are completely different for complete --

22      completely different reasons.  The due process provide --

23      uh, provided the Constitution, uh, requires a more specific

24      reading of a statute than this broad interpretation that

25      they're suggesting here.

Case 8:15-cr-00060-DOC   Document 298   Filed 03/31/17   Page 34 of 50   Page ID #:5044
8:15-CR-0060-DOC - 6/16/2016 - Day 8, Volume II

34

| | | |
|---|---|---|
| 01:32 | 1 | MS. HEINZ:  Nothing further from the government. |
| 01:32 | 2 | MR. LENGYEL-LEAHU:  Nothing further, Your Honor. |
| 01:27 | 3 | **COURT RULINGS ON JURY INSTRUCTIONS** |
| 01:32 | 4 | THE COURT:  Concerning Proposed Jury Instruction |
| | 5 | No. 1 submitted by the defense, this is the additional jury |
| | 6 | instruction, which states, |
| 01:32 | 7 | "*To prove the Islamic State is a foreign* |
| | 8 | *terrorist organization, the government* |
| | 9 | *must prove beyond a reasonable doubt* |
| | 10 | *that the Secretary of State designated* |
| | 11 | *the Islamic State as a foreign terrorist* |
| | 12 | *organization.* |
| 01:32 | 13 | "*Secondly, the government must also* |
| | 14 | *prove beyond a reasonable doubt that the* |
| | 15 | *Islamic State was published as a foreign* |
| | 16 | *terrorist organization in the Federal* |
| | 17 | *Register prior to the defendant's* |
| | 18 | *arrest.*" |
| 01:33 | 19 | This instruction will not be given.  This |
| | 20 | instruction is duplicative of the instruction that lists the |
| | 21 | elements of the material support of terrorism charge. |
| 01:33 | 22 | Specifically, that instruction provides, quote, |
| 01:33 | 23 | "*The defendant provided this support or* |
| | 24 | *resources to a foreign terrorist* |
| | 25 | *organization,*" end of quote. |

01:33    1            Therefore, the existing instruction already

         2    indicates,

01:33    3            "*The government must prove beyond a*

         4            *reasonable doubt that defendants*

         5            *provided material support to a foreign*

         6            *terrorist organization.*"

01:33    7            Defendant Elhuzayel, as well as co-defendant, are

         8    not precluded from arguing that he, or they, did not provide

         9    material support or resources to an organization that was

         10   designated as a foreign terrorist organization.

01:33    11           Concerning Proposed Instruction No. 2:  This

         12   proposed instruction provides a definition of *ex post facto*

         13   laws.  This Court does not find this instruction to be

         14   necessary.  The question of whether the Islamic State was a

         15   designated -- or was designated as a foreign terrorist

         16   organization at the time of the defendant's arrest is a

         17   disputed factual issue.

01:34    18           Once again, Defendant Elhuzayel is not precluded

         19   from arguing in its closing that the Islamic State was not

         20   designated as a foreign terrorist organization at the time

         21   of his arrest.

01:34    22           Concerning Proposed Jury Instruction No. 3:  This

         23   is the third proposed additional jury instruction, which

         24   states that,

01:34    25           "*Mere association or membership does not*

1           *constitute support."*

01:34    2           Once again, this Court finds that this instruction

3    is not -- is unnecessary.  The current instruction

4    concerning, quote, "attempt elements," end of quote, already

5    includes a line stating that, quote,

01:35    6           *"Individuals who act entirely*

7           *independently of the foreign terrorist*

8           *organization to advance its goals or*

9           *objectives are not considered to be*

10          *working under the foreign terrorist*

11          *organization's direction and control,"*

12          end of quote.

01:35   13           This instruction accurately captures the law on

14    this issue and further instruction is not helpful.

01:35   15           Concerning Proposed Jury Instruction No. 4:  These

16    involve First Amendment protections.  The Court will not

17    give this instruction for two reasons:  First, the other

18    instructions have already outlined the required elements of

19    the charged offenses and what the government must prove, and

20    they specifically provide that the government must prove

21    more than just speech related to a foreign terrorist

22    organization.  Indeed, they state that the defendants were

23    charged with attempting and aiding and abetting an attempt

24    to provide material support to a foreign terrorist

25    organization; thus, the government must prove more than just

1    speech.

01:36  2          Second, I find that this instruction as written

3    has the potential to confuse the jury.

01:36  4          Concerning Proposed Jury Instruction No. 5:

5    Mr. Elhuzayel's fifth proposed jury instruction concerns

6    additional language related to attempting to provide

7    material support.  The request is to include a line stating,

8    quote,

01:36  9          "*It is up to the jury to decide whether*

10          *Nader Elhuzayel's act of purchasing a*

11          *ticket to Tel Aviv, Israel, with an*

12          *overlay (sic) in Istanbul, Turkey,*

13          *constitutes a substantial step to join*

14          *the Islamic State*," end of quote.

01:36  15         This instruction related to Count Two already

16   states -- I'm sorry -- "the instruction."  My apologies.

01:37  17         The instruction that the Court's already giving

18   related to Count Two already states that the government must

19   prove beyond a reasonable doubt that, quote,

01:37  20         "*The defendant did something that was a*

21          *substantial step toward committing the*

22          *crime of providing material support or*

23          *resources to a foreign terrorist*

24          *organization,*" end of quote.

01:37  25         It's also not necessary to include specific

|       |    |                                                               |
|-------|----|---------------------------------------------------------------|
|       | 1  | factual details of the case in the jury instructions.         |
| 01:37 | 2  | Concerning Proposed Jury Instruction No. 6:  This             |
|       | 3  | is the sixth proposed additional jury instruction, and it     |
|       | 4  | concerns the designation of a foreign terrorist               |
|       | 5  | organization.  Specifically, this instruction provides that   |
|       | 6  | under the statute 18 U.S.C., Section 2339B there is no        |
|       | 7  | provision on foreign terrorist organization aliases.          |
| 01:38 | 8  | This Court finds that this instruction is not                 |
|       | 9  | necessary.  The definition of a foreign terrorist             |
|       | 10 | organization is provided in the existing instructions.        |
|       | 11 | Additionally, the existing instruction already indicates the  |
|       | 12 | government must prove beyond a reasonable doubt that          |
|       | 13 | defendant's provide material support to a foreign terrorist   |
|       | 14 | organization.                                                 |
| 01:38 | 15 | And Defendant Elhuzayel is not precluded, though,            |
|       | 16 | from arguing in his closing that he did not provide support   |
|       | 17 | to a designated foreign terrorist organization.               |
| 01:38 | 18 | And, lastly, the Court has reviewed the                       |
|       | 19 | government's Supplemental Proposed Instruction filed last      |
|       | 20 | evening.  And I do not find it necessary.                      |
| 01:38 | 21 | I believe that it's abundantly clear to the jury             |
|       | 22 | that they are to decide whether any such material support     |
|       | 23 | was provided to a designated foreign terrorist organization  |
|       | 24 | based on the existing instructions.                           |
| 01:38 | 25 | None of this precludes the parties from arguing              |

1    whether the Islamic State was a designated foreign terrorist

2    organization at the relevant time.

01:39    3           Now, with those rulings, Counsel, we're going to

4    make certain you have a final copy, at least for this

5    evening.

01:39    6           I'm going to schedule a hearing tomorrow at

7    2:00 o'clock.  You're ordered to be present, along with the

8    defendants.  If there's a universal call or a coordinated

9    call to Debbie, I'll vacate the date.  But what I don't want

10   is a date that's not set aside and a time that's not set

11   aside for you, and then something comes up on Monday.

01:39   12           Concerning the jury instructions:  I have a civil

13   matter coming in, in just a moment.  I don't know how long

14   that would take.  You'll probably tell me it's a brief

15   period of time.  I'm gonna meet you about 3:30.  Okay?

01:39   16           Bear with me because I need a little time with

17   civil counsel.  But I'll interrupt their proceedings and

18   delay them, if we can get to the jury instructions at that

19   time.  So it gives you a little over an hour and 20 minutes

20   to get them in order; and if not, then just bear with me a

21   little while, while I talk to civil counsel.  And then we'll

22   resolve the instructions.

01:40   23           We'll get these copies out for you, so I think

24   that gives you adequate time this afternoon, tonight,

25   tomorrow to see if there's questions or concerns.

01:40   1           All of your objections are noted.  They're on the

        2   record, as well as the supplemental.

01:40   3           So, Counsel, we'll see you about 3:30.

01:40   4           MS. CORRIGAN:  And also for the verdict forms, as

        5   well, Your Honor?

01:40   6           MR. LENGYEL-LEAHU:  Yes.

01:40   7           THE COURT:  Hm?

01:40   8           MS. CORRIGAN:  Also for the verdict forms; right?

        9   We will do them?

01:40  10           THE COURT:  Oh, that's the only thing we're doing.

01:40  11           In other words, these instructions now are my

       12   rulings.  I'm going to get copies to you that we'll simply

       13   xerox, so you don't have to do that.  That way they're all

       14   consistent, one packet.

01:40  15           If you see something between now and the time I

       16   resume the bench -- 'cause we'll get them out to you to look

       17   at informally -- let me know at 3:30.  I'm trying to save

       18   you coming back at 2:00 o'clock tomorrow.

01:41  19           MS. CORRIGAN:  Thank you.

01:41  20           THE COURT:  Okay?

01:41  21           MS. HEINZ:  Thank you, Your Honor.

01:41  22           MR. LENGYEL-LEAHU:  Thank you, Your Honor.

01:41  23           MS. CORRIGAN:  Thank you, Your Honor.

01:41  24       *(Proceedings recess at 1:41 p.m.)*

03:28  25       *(Proceedings resumed at 3:47 p.m.)*

03:28   1           *(Outside the presence of the jury.)*

03:28   2           THE COURT:  Counsel, have you had enough time to

3       discuss these verdict forms?

03:47   4           MS. CORRIGAN:  Yes, Your Honor.

03:47   5           MS. HEINZ:  Yes, Your Honor.

03:47   6                    **VERDICT FORMS DISCUSSED**

03:47   7           THE COURT:  Okay.  Then we're on the record in the

8       matter of Mr. Badawi and Mr. Elhuzayel.  All counsel are

9       present.  The jury's not present.  The alternates are not

10      present.

03:47   11          In looking at the verdict forms in chambers, I

12      have no disagreements.  And if the government's satisfied

13      and the defense is satisfied, I'll send you on your way.

03:47   14          MS. CORRIGAN:  We are.

03:47   15          And then we also need to sign the exhibit list in

16      your presence, Your Honor.

03:47   17          THE COURT:  Pardon me?

03:47   18          MS. CORRIGAN:  I thought you wanted us to sign the

19      exhibit list in your presence.

03:48   20          THE COURT:  Oh, please, if you would.

03:48   21                 **EXHIBIT FORMS SIGNED BY COUNSEL**

03:48   22          MS. CORRIGAN:  For the record, I just signed it

23      and I'll hand it to co-defendant's counsel.

03:48   24          THE CLERK:  Both of them?

03:48   25          MS. CORRIGAN:  Both of them, yes.  Signing both of

|       |    |                                                        |
|-------|----|--------------------------------------------------------|
|       | 1  | them.                                                  |
| 03:48 | 2  | THE COURT:  Okay.                                      |
| 03:48 | 3  | Approximately, how many exhibits are there that        |
|       | 4  | are going to the jury?                                 |
| 03:48 | 5  | MS. CORRIGAN:  There are five defense exhibits and     |
|       | 6  | probably -- what?  600?  700 Government's Exhibits?  I dunno |
|       | 7  | how many are in there.                                 |
| 03:48 | 8  | THE COURT:  6- to 700?                                 |
| 03:48 | 9  | If the jury needs any of the videos replayed or        |
|       | 10 | tapes replayed, I've done it both ways.  In a voluminous |
|       | 11 | case, sometimes we've made that equipment available in the |
|       | 12 | jury room.  They do that in the District of Idaho, for |
|       | 13 | instance.  Other times, counsel wants that replayed in open |
|       | 14 | court.  I have no preference.                          |
| 03:48 | 15 | What's your preference?                                |
| 03:48 | 16 | MS. CORRIGAN:  I would prefer in open court            |
|       | 17 | Your Honor.  I don't know about other counsel.  But, from my |
|       | 18 | perspective, because of the way that the discs have been -- |
|       | 19 | the way are -- their current state, I don't want to have any |
|       | 20 | errors with the jurors, particularly regarding the     |
|       | 21 | statements because we have some fairly lengthy potential -- |
| 03:49 | 22 | THE COURT:  All right.  It'll be open court.           |
| 03:49 | 23 | MS. CORRIGAN:  Yes.                                    |
| 03:49 | 24 | MR. NAM:  *(Nods head.)*                               |
| 03:49 | 25 | THE COURT:  And I think I'm getting a nod from         |

**DEBBIE GALE, U.S. COURT REPORTER**

1    Mr. Nam.

03:49   2         MS. HEINZ:  Yes.  The government would prefer it

3    be in open court too so that the -- it would be the same way

4    it was at trial.

03:49   5         THE COURT:  Open court.

03:49   6         MS. HEINZ:  Thank you, Your Honor.

03:49   7         THE COURT:  And as soon as you've signed that,

8    give that to Deb.

03:49   9                    **DISCUSSION RE NEWSCASTS**

03:49   10        THE COURT:  Now, I want to inform you that on the

11   news today there may be a heightened drama; and by that, I

12   mean, apparently different newscasts are reporting an

13   increased terrorist threat from ISIS.

03:50   14        We're going to be bombarded with that apparently

15   this weekend.  If you want another admonishment to the jury

16   before you start your opening on Monday, draft that between

17   you again.

03:50   18        I threw away the other one -- because it was good

19   for the time and place, but it may not be the admonition

20   that you want now -- no, Counsel, my apologies.  I didn't.

21   I kept it.  The old admonition was,

03:50   22             "*If anyone hears or sees anything that*

23             *they feel might affect their ability to*

24             *continue to be fair and impartial in*

25             *this case, they will bring it to Court's*

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | *attention at the earliest time."*                                   |
| 03:50 | 2  | Now, we can simply redraft that and make certain,                    |
|       | 3  | if you want an admonition read just before your argument on          |
|       | 4  | Monday morning.  But I leave that to you.                            |
| 03:51 | 5  | MS. CORRIGAN:  I think -- well, I think what I'd                      |
|       | 6  | like to do is just see how the weekend goes.  We're aware            |
|       | 7  | that there's been some activity.  But, from my perspective,          |
|       | 8  | at least -- maybe if we could do a "wait and see."  And I            |
|       | 9  | know that we've been good about communicating, and we can            |
|       | 10 | figure that out.                                                     |
| 03:51 | 11 | THE COURT:  Let's do that.  Reading that too many                    |
|       | 12 | times says that there is a problem.                                  |
| 03:51 | 13 | MS. HEINZ:  The government would agree with that,                    |
|       | 14 | Your Honor.                                                          |
| 03:51 | 15 | THE COURT:  So let's just wait.  Seek a balance on                   |
|       | 16 | that on Monday morning.  Okay?                                       |
| 03:51 | 17 | MR. LENGYEL-LEAHU:  Agreed.                                          |
| 03:51 | 18 | THE COURT:  Have you signed the form?                                |
| 03:51 | 19 | MS. CORRIGAN:  Yes.                                                  |
| 03:51 | 20 | MS. HEINZ:  Yes, Your Honor.                                         |
| 03:51 | 21 | MR. LENGYEL-LEAHU:  *(No audible response.)*                        |
| 03:51 | 22 | THE COURT:  Does Debbie have it?                                     |
| 03:51 | 23 | MS. HEINZ:  Yes.                                                     |
| 03:51 | 24 | THE COURT:  All right.                                               |
| 03:51 | 25 | Now, once again, that signature means that all the                   |

1    exhibits are complete, that the presentation of those

2    exhibits are appropriate; in other words, there's no corner

3    turned down with any information that you'd object to on the

4    back.  And you know that I won't grant a mistrial or new

5    trial if there is an item that is missing.  Okay?

03:52    6              Is that clear to everybody?

03:52    7              MR. LENGYEL-LEAHU:  Clear.

03:52    8              MS. HEINZ:  Yes, Your Honor.

03:52    9              MS. CORRIGAN:  Yes, Your Honor.

03:52    10             THE COURT:  Okay.  If -- are these verdict forms

11    acceptable to the government?

03:52    12             MS. HEINZ:  They are, Your Honor.

03:52    13             THE COURT:  Are they acceptable to you,

14    Ms. Corrigan, on behalf of Mr. Badawi?

03:52    15             MS. CORRIGAN:  They are, Your Honor.

03:52    16             THE COURT:  Mr. Lengyel-Leahu?

03:52    17             MR. LENGYEL-LEAHU:  They are, Your Honor.

03:52    18             THE COURT:  Okay.

03:52    19             *(To the defendants:)* Now, gentlemen, we're going

20    to bring you back, obviously, Monday morning.  We'll see you

21    on Monday.

03:52    22             And, Mr. Badawi, you look a lot better.  I'm just

23    pleased to see that you're in a good health.  I was very

24    concerned about you earlier.  You don't have to say a word.

25    I'm just saying you look healthier.  And I'm not doing that

|   |   |   |
|---|---|---|
| | 1 | just for the record.  I'm just doing that as a human being. |
| | 2 | I was very concerned when you got down to 105 pounds. |
| 03:52 | 3 | DEFENDANT BADAWI:  I appreciate it. |
| 03:52 | 4 | THE COURT:  That was just, uh -- I know you're |
| | 5 | about 130, et cetera, so I'd just encourage you to stay |
| | 6 | healthy. |
| 03:53 | 7 | DEFENDANT BADAWI:  Yeah. |
| 03:53 | 8 | THE COURT:  Verdict may be favorable or |
| | 9 | unfavorable, but you're not doing yourself any good if you |
| | 10 | harm yourself.  Okay? |
| 03:53 | 11 | Now, finally, I'm setting tomorrow at 2:00 o'clock |
| | 12 | for the hearing.  You're ordered back at that time. |
| 03:53 | 13 | What's the easiest way, though, you can inform the |
| | 14 | Court, after reflecting on my rulings and looking at the |
| | 15 | instructions again this evening?  What I don't want is a |
| | 16 | pop-up.  In other words, I'm trying to avoid:  It's Monday |
| | 17 | morning, we're about to argue, and somebody comes in with |
| | 18 | something that they want to raise at the last moment. |
| 03:53 | 19 | So that's why I'm setting it at 2:00 o'clock.  But |
| | 20 | I can vacate that date.  I'm just gonna bring your clients |
| | 21 | over at -- |
| 03:53 | 22 | *(To U.S. Marshals:)* -- probably noon, Marcelino. |
| 03:53 | 23 | Mike, probably noon. |
| 03:53 | 24 | U.S. MARSHAL:  Yes, Your Honor. |
| 03:53 | 25 | THE COURT:  And, if you call before a certain |

|       |    |                                                                  |
|-------|----|------------------------------------------------------------------|
|       | 1  | time, I won't have them transported.  If you don't call,         |
|       | 2  | then I will.  How do you wanna work that?                        |
| 03:54 | 3  | MS. CORRIGAN:  I think perhaps we can continue to                |
|       | 4  | meet, but -- maybe by 11:00.  But, if we could do a joint        |
|       | 5  | e-mail, and if the Court -- if everybody's in agreement,         |
|       | 6  | I'll CC everybody.  But, if they give me the "go ahead," I       |
|       | 7  | can e-mail the Court.                                            |
| 03:54 | 8  | THE COURT:  Is that fair, Mr. --                                 |
| 03:54 | 9  | MR. LENGYEL-LEAHU:  That works, Your Honor.                      |
| 03:54 | 10 | MS. HEINZ:  That's fine with the government,                     |
|       | 11 | Your Honor.                                                      |
| 03:54 | 12 | THE COURT:  All right.  Debbie can take that                     |
|       | 13 | informally.  I don't need a written stipulation.  It just        |
|       | 14 | lets me know to reconvene.  *(Verbatim.)*                        |
| 03:54 | 15 | Also, I can reconvene anytime this weekend.  I                   |
|       | 16 | don't think it's necessary.  But, if you need me, for            |
|       | 17 | goodness sakes, you can get ahold of me.  Okay?  I'll            |
|       | 18 | probably be right here working, in fact.                         |
| 03:54 | 19 | Well, is there anything further this evening,                    |
|       | 20 | then?                                                            |
| 03:54 | 21 | MS. CORRIGAN:  No, Your Honor.                                   |
| 03:54 | 22 | MR. LENGYEL-LEAHU:  No, Your Honor.                              |
| 03:54 | 23 | MS. HEINZ:  No, Your Honor.                                      |
| 03:54 | 24 | THE COURT:  All right.  Then prepare your                        |
|       | 25 | arguments, then.  And we'll see you Monday morning bright        |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | and early.                                                   |
| 03:54 | 2  | MS. CORRIGAN:  Thank you, Your Honor.                        |
| 03:54 | 3  | MS. HEINZ:  Thank you, Your Honor.                           |
| 03:54 | 4  | THE COURT:  Well, just a moment.  We're back on              |
|       | 5  | record.                                                      |
| 03:54 | 6  | Okay.  Now we have a revised Indictment.                     |
| 03:54 | 7  | What am I going to do with that?                             |
| 03:55 | 8  | Am I supposed to read that to the jury?                      |
| 03:55 | 9  | MS. CORRIGAN:  No, Your Honor.  I think what was             |
|       | 10 | contemplated -- it was just, um -- there was a spelling --   |
|       | 11 | couple typos on the names.  It's nothing that it would       |
|       | 12 | affect the way that it was read to the jury when the Court   |
|       | 13 | read it.  It's just some typographical errors.  And          |
|       | 14 | everything that you "read in" is identical to what's there.  |
| 03:55 | 15 | THE COURT:  Is it stipulated that that can be                |
|       | 16 | filed, then, as part of the Court record:  I'm not going to  |
|       | 17 | read the revised Indictment to the jury; that it's really a  |
|       | 18 | matter of misspelling of words basically?                    |
| 03:55 | 19 | MS. HEINZ:  So stipulated.                                   |
| 03:55 | 20 | MR. LENGYEL-LEAHU:  Stipulated.                              |
| 03:55 | 21 | MS. CORRIGAN:  Stipulated.                                   |
| 03:55 | 22 | THE COURT:  Okay.                                            |
| 03:55 | 23 | All right.  Then it will simply be filed.                    |
| 03:55 | 24 | Debbie handed it to me.  She thought it was part             |
|       | 25 | of the jury instructions.                                    |

**DEBBIE GALE, U.S. COURT REPORTER**

| | | |
|---|---|---|
| 03:55 | 1 | Okay.  Thank you very much. |
| 03:55 | 2 | MS. HEINZ:  Thank you, Your Honor. |
| 03:55 | 3 | MS. ELIOT:  Thank you, Your Honor. |
| 03:55 | 4 | MS. CORRIGAN:  Thank you, Your Honor. |
| 03:55 | 5 | MR. LENGYEL-LEAHU:  Thank you, Your Honor. |
| 03:55 | 6 | *(Proceedings adjourned at 3:55 p.m.)* |
| 03:55 | 7 | -oOo- |
| 03:55 | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

03:55  1                              -oOo-

03:55  2


03:55  3                            CERTIFICATE

03:55  4


03:55  5          I hereby certify that pursuant to Section 753,

       6    Title 28, United States Code, the foregoing is a true and

       7    correct transcript of the stenographically reported

       8    proceedings held in the above-entitled matter and that the

       9    transcript page format is in conformance with the

      10    regulations of the Judicial Conference of the United States.

03:55 11


03:55 12    Date:  March 9, 2017

03:55 13


03:55 14
03:55
03:55 15                           /s/ Debbie Gale
03:55
03:55 16    _____
03:55       DEBBIE GALE, U.S. COURT REPORTER
03:55       CSR NO. 9472, RPR, CCRR

03:55 17

      18

      19

      20

      21

      22

      23

      24

      25