SANDRA R. BROWN
Acting United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7280
     Facsimile: (213) 894-7631
     E-mail:   judith.heinz@usdoj.gov
DEIRDRE Z. ELIOT (Cal. Bar No. 145007)
Assistant United States Attorney
Terrorism and Export Crimes Section
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3599
     Facsimile: (714) 338-3564
     E-mail:   deirdre.eliot@usdoj.gov
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorney
     Riverside Branch Office
     United States Attorney's Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6087
     Facsimile: (951) 276-6202
     E-mail:   julius.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 15-00060(A)-DOC |
|---|---|
| Plaintiff, | **GOVERNMENT'S EX PARTE APPLICATION FOR ORDER AUTHORIZING THE CONDITIONAL RELEASE OF COPIES OF CERTAIN TRIAL EXHIBITS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JUDITH A. HEINZ; ATTACHMENT A** |
| v. | |
| NADER SALEM ELHUZAYEL and MUHANAD ELFATIH M. A. BADAWI, | |
| Defendants. | |

1  Plaintiff United States of America, by and through its counsel
2  of record, the United States Attorney for the Central District of
3  California and Assistant United States Attorneys Judith A. Heinz,
4  Deirdre Z. Eliot, and Julius J. Nam, hereby applies ex parte for an
5  order authorizing the conditional release of copies of certain trial
6  exhibits to a media organization.

7  This application is based upon the attached Memorandum of Points
8  and Authorities, the accompanying Attachment, and the files and
9  records in this case.

10  As set forth in greater detail in the attached declaration of
11  Judith A. Heinz, counsel for defendant Elhuzayel does not object to
12  the government's ex parte application, and counsel for defendant
13  Badawi is not able to take a position on the government's ex parte
14  application.

Dated: June 20, 2017           Respectfully submitted,

                               SANDRA R. BROWN
                               United States Attorney

                               PATRICK R. FITZGERALD
                               Assistant United States Attorney
                               Chief, National Security Division

                               /s/
                               JUDITH A. HEINZ
                               Assistant United States Attorney

                               /s/
                               DEIRDRE Z. ELIOT
                               Assistant United States Attorney

                               /s/
                               JULIUS J. NAM
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

Recently, a national media organization contacted counsel for the government and requested copies of certain exhibits admitted as evidence during the jury trial in this matter. The specific trial exhibits requested are listed in the chart attached hereto, and include English-language translations and/or transcripts of some of the exhibits. See Attachment A. It is the government's understanding that the media organization seeks to include these exhibits in a program about terrorism to be aired on television. The government understands further that the media organization will redact or obscure certain information, including third-party identity information, from the trial exhibits before their inclusion in the program.

The government does not oppose, and believes the controlling legal authority supports, the media organization's request.

As set forth in greater detail in the attached declaration of Judith A. Heinz, counsel for defendant Elhuzayel does not object to the government's ex parte application, and counsel for defendant Badawi is not able to take a position on the government's ex parte application.

II.   LEGAL ANALYSIS

The issue presented here -- when the media has the right to copy and inspect judicial records -- has been considered by several courts of appeals, including the Ninth Circuit. See Valley Broadcasting Co. v. U.S. Dist. Court for Dist. Of Nevada, 798 F.2d 1289, 1292 (9th Cir. 1986) (citing and discussing cases). The media's right to copy and inspect judicial records is based on common law, and is

1  independent of the Constitution. Id. at 1293. While this "common-
2  law right of access has historically developed to accomplish many of
3  the same purposes as are advanced by the first amendment," it "is not
4  of constitutional dimension, is not absolute, and is not entitled to
5  the same level of protection afforded constitutional rights." Id.
6  (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98
7  (1978)). "But it is also clear that the importance of public access
8  to judicial records and documents cannot be belittled." United
9  States v. Schlette, 842 F.2d 1574, 1582, amended, 854 F.2d 359 (9th
10 Cir. 1988) (reversing district court's refusal to disclose
11 presentence report to newspaper).

Accordingly, the Ninth Circuit has instructed that, when considering whether to permit the media to copy for subsequent broadcast trial exhibits, including videotapes, the trial court must "start with a strong presumption in favor of access, to be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." Valley Broadcasting Co., 798 F.2d at 1293 (internal quotation marks and citations omitted). This "strong presumption" in favor of such media access is justified by the promotion of the public's understanding of the judicial process and of significant public events. Id. at 1294. Factors that counsel against such access include the likelihood of an improper use, infringement of fair trial rights of the defendants or third parties, and residual privacy rights. Id. If a district court denies access, it must do so on the basis of articulated facts known to the court, and should state those facts on the record. Id.

Here, the media organization seeks access to 16 trial exhibits for the purpose of informing the public about terrorism. Jury trials

in which terrorism charges are contested are few; thus, there is a legitimate public interest in the 16 trial exhibits the media organization seeks. Although both defendants were convicted at trial on all charges and have been sentenced, both defendants have appealed those convictions and sentences, and those appeals are currently pending. Thus, in light of the possibility of a re-trial, the Court may properly weigh the prospect of potential prejudice against the strong presumption in favor of access. Information about this case, including information about the trial, was widely reported by the media. The 16 trial exhibits at issue were presented at trial, and were included, and/or described, in the government's sentencing briefs. Given this previous public exposure, the Court may properly consider what, if any, potential added prejudice might result from broadcasting the 16 exhibits. See id. at 1295. The Court may also properly consider whether voir dire and instruction during any future jury selection will adequately cure any future contamination of a future juror. In addition, the Court may properly consider the impact on any residual third-party privacy rights, in light of the media organization's agreement to redact and/or obscure any third-party identity information that appears in the 16 trial exhibits.

### III. CONCLUSION

In conclusion, the government respectfully submits that the controlling authority supports the release of copies of the 16 trial exhibits listed in Attachment A to the media organization,

//
//
//

1 | conditioned upon the described measures to protect third-party
2 | identity information.
3 | Dated: June 20, 2017                    Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

/s/
JUDITH A. HEINZ
Assistant United States Attorney

/s/
DEIRDRE Z. ELIOT
Assistant United States Attorney

/s/
JULIUS J. NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

**DECLARATION OF JUDITH A. HEINZ**

I, Judith A. Heinz, declare as follows:

1. I am an Assistant United States Attorney in the National Security Division of the United States Attorney's Office for the Central District of California. I am one of the attorneys representing the government in this matter.

2. Attached hereto as Attachment A is a true and correct copy of a list of the exhibits that were admitted during the trial in this case, copies of which are now sought by a media organization.

3. On June 19, 2016, I sent an e-mail to trial counsel and appellate counsel for defendants Nader Salem Elhuzayel ("defendant Elhuzayel") and defendant Muhanad Elfatih M. A. Badawi ("defendant Badawi") seeking their position on the government's ex parte application for an order authorizing the conditional release of copies of certain trial exhibits. On the same date, at the request of defendant Elhuzayel's appellate counsel, I provided to all counsel a copy of the government's ex parte application in its then-existing draft form. Set forth below are the responses I have received to my e-mail seeking defense counsels' position on the government's ex parte application:

   a. Defendant Elhuzayel's appellate counsel advised that, assuming none of the requested exhibits were subject to a protective order or sealing order, he had no objection to the application. (The requested trial exhibits were not subject to a protective order or sealing order.)

   b. Defendant Badawi's appellate counsel advised that she had filed, on June 19, 2017, a motion to be relieved as defendant Badawi's appellate counsel. She advised further that as such, and

5

1 because she had not had a chance to review the materials sought, she
2 was not able to take a position on the application.
3     c. Defendant Badawi's trial counsel advised that she is
4 not currently defendant Badawi's counsel, and deferred to defendant
5 Badawi's appellate counsel to make the decision on any position on
6 the application.
7     d. I did not receive a response from defendant
8 Elhuzayel's trial counsel.
9 I declare under penalty of perjury that the foregoing is true
10 and correct to the best of my knowledge and belief.
11 DATED: This 20th day of June, 2017.

                                  JUDITH A. HEINZ

**ATTACHMENT A**

U.S. vs. Elhuzayel and Badawi
EXHIBIT LIST - Media Request

| Exh. No. | Description | Additional Information | Notes |
|---|---|---|---|
| 1 | 10/21/14 Quick Time video | MB videos NE explaining his | |
| 1A | Transcript of Exhibit 1 | | |
| 2 | 10/21/14 Quick Time video | MB videos NE swearing allegiance to al-Baghdadi and promises to | |
| 2A | Transcript of Exhibit 2 | | |
| 4 | Screen shot of Twitter Communication to Kill a Kaffir #IS | Sender urges recipient to kill a kaffir to make dua for the Ummah | |
| 4A | Translation of Exhibit 4 | | |
| 15 | Abu Hussain al-Britani Twitter Communications about Garland Shooting | Tweets by Abu Hussain al-Britani re Garland TX shooting | |
| 15A | Translation of Exhibit 15 | | |
| 16 | Abu Hussain al-Britani Twitter Communication about Garland Shooting | Tweet by Abu Hussain al-Britani re Garland TX shooting | |
| 16A | Translation of Exhibit 16 | | |
| 17 | Abu Hussain al-Britani Twitter Communications about Garland Shooting | Tweets by Abu Hussain al-Britani re Garland TX shooting | |
| 17A | Translation of Exhibit 17 | | |
| 18 | Abu Hussain al-Britani Twitter Communications about Garland Shooting (Abu Hussain follows You) | Tweets by Abu Hussain al-Britani re Garland TX shooting | |
| 18A | Translation of Exhibit 18 | | |
| 19 | Abu Hussain al-Britani Twitter Communications about Garland Shooting (retweets atawaakul) | Tweets by Abu Hussain al-Britani re Garland TX shooting | |
| 19A | Translation of Exhibit 19 | | |
| 61 | SMS messages between MB and NE; MB and Isaac Sean, 3/27/2015; reference to fighting in the front line | | redact message with non-defendant |

Case 8:15-cr-00060-DOC   Document 338   Filed 06/20/17   Page 11 of 11   Page ID #:6328
U.S. vs. Elhuzayel and Badawi
EXHIBIT LIST - Media Request

| | | | |
|---|---|---|---|
| 62 | iMessages between MB and NE, and MB and Isaac Sean; 5/4/2015: reference to Garland shooting; May Allah grant him shaheed | | redact message with non-defendant |
| 65 | Badawi's communications with Abu Husain Brittani on 5/10/15 | | redact references to communication platform |
| 67 | iMessages between MB and NE; 5/21/2015: ready for one-way trip | | redact references to non-defendant |
| 304 | ShariaIsJustice Twitter Communication and photograph Jihadi John | NE says ISIS getting ready to attack; this is exciting; yahoodi heads rolling, photo Jihadi John | |
| 310 | ShariaIsJustice Twitter Communication and Photographs of Bodies Falling from Buildings | NE tweet about throwing homosexuals off buildings with photos | |
| 311 | ShariaIsJustice Twitter Communication and Photographs of Beheadings | NE tweet about severe revenge by Islamic State with photos of beheadings | |
| 1005 | LAX video (Elhuzayel at security, picking up carry-on luggage, being greeted by FBI agent) | LAX surveillance video | faces of non-defendants will be obscured |